# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-41691

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

JESUS VILLALOBOS, also known as Jesse Villalobos,

> Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

January 8, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, PRADO, and HIGGINSON, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

Jesus Villalobos pleaded guilty to sexual exploitation of a child, in violation of 18 U.S.C. § 2251. The district court imposed 300 months' imprisonment, 25 years of supervised release, and $10,000 in restitution. Villalobos challenges only the restitution order. We vacate and remand for further proceedings.

**I.**

A grand jury indicted Villalobos on two counts: sexual exploitation and solicitation of a child. Pursuant to a plea agreement, Villalobos pleaded guilty to the first count, admitting that he had induced the victim, his 11-year-old daughter, to take and send him sexually explicit photographs of herself via Facebook Messenger. The victim has since attended several therapy sessions,

requiring her mother or stepfather to take time off from work. Although a probation officer sent the victim's mother a Victim Impact Statement Form, the mother did not report any dollar amounts or documents reflecting specific losses. The Presentence Investigation Report therefore noted that "[n]o restitution has been reported by the victim." Though the victim's mother had a chance to address the court during sentencing, she was unable to speak once she reached the witness stand. The prosecutor did, however, recount to the court several conversations with the victim's mother and stepfather about restitution. The government did not identify any specific amounts.

The district court imposed $10,000 in restitution.[1] It conceded, however, that "without documentation" of any of the victim's incurred costs, the sentencing court was "swinging a little bit blindly." After Villalobos objected to the restitution amount as arbitrary and unsupported by the record, the district court remarked, "I don't think it's arbitrary but it may be wrong." A few moments later, the court added:

> [A]nybody could have provided . . . financial data if they chose to do so about what the cost[s incurred] would be, about what was done, about what needed to be done and that's why Defense counsel may be successful in her argument that it's arbitrary. It is arbitrary to the extent that there's no paper documentation but there's no arbitrary decision with respect to the Court's own experience with other cases similar to this and other cases.

Despite the $10,000 restitution order to compensate the victim for her losses, the district court's written judgment lists the "Total Loss" as $0.00.

On appeal, Villalobos reprises his challenge to the restitution amount as arbitrary and untethered to record evidence. The government believes that

---

[1] The court initially announced a $100,000 restitution amount conditioned "upon [Villalobos's] ability to pay" before permitting the parties to discuss an appropriate number.

No. 16-41691

"the proper recourse is a remand . . . for further determination and development of the record," while Villalobos insists that the government cannot get a "second bite at the apple."

## II.

Under 18 U.S.C. § 2259(a), a district court "shall order restitution" for certain offenses, including those listed in § 2251. The order of restitution must cover "the full amount of the victim's losses as determined by the court," § 2259(b)(1), and the "victim" includes a minor's guardians, *see* § 2259(c). Losses under the statute comprise costs incurred for psychiatric and psychological care, rehabilitation, necessary transportation, lost income, attorneys' fees, and "any other losses suffered by the victim as a proximate result of the offense." § 2259(b)(3). The government bears the burden of proving "the amount of the loss sustained by [the] victim as a result of the offense." 18 U.S.C. § 3664(e); *see also* § 2259(b)(2) (incorporating 18 U.S.C. §§ 3363A and 3664)). We review a restitution order's legality de novo and its amount for abuse of discretion. *United States v. Gibson*, 875 F.3d 179, 198 (5th Cir. 2017). Though it need not be exact, a district court's "[r]estitution order[] should represent an application of law, not a decisionmaker's caprice." *Paroline v. United States*, 134 S. Ct. 1710, 1729 (2014) (quotation marks omitted).

We vacate the restitution award. The district court recorded that the victims' losses totaled $0.00 but imposed $10,000 in restitution. "[A]n order of restitution that exceeds the victim's actual losses or damages is an illegal sentence." *United States v. Chem. & Metal Indus., Inc.*, 677 F.3d 750, 752 (5th Cir. 2012) (quotation marks omitted) (vacating a restitution award where "there was no finding of loss"). Indeed, the government and Villalobos agree that the announced restitution amount lacks record support.

But the parties disagree on the proper remedy. The government asks for permission to supplement the record to pin some dollar figures on the victims'

losses, such as lost wages, travel costs, and therapy expenses. Villalobos objects, arguing that a one-and-done rule should govern here. We remand to the district court to resolve this dispute in the first instance.

Our caselaw offers some guidance. "The government generally may not present new evidence on remand when reversal is required due to the failure to present evidence originally." *Chem. & Metal Indus.*, 677 F.3d at 753 (citing *United States v. Archer*, 671 F.3d 149, 168–69 (2d Cir. 2011)). But we have noted that "special circumstances" may justify an exception to our rule. *E.g., id.* Those circumstances include: "(a) where the government's burden was unclear, (b) where the trial court prohibited discussion of the issue, or (c) where the evidence was, for a good reason, unavailable." *Archer*, 671 F.3d at 168. We have also found our general rule inappropriate where the victims sought to assist the government in calculating the proper restitution amount and "the harm from the Government's failure to present sufficient evidence to the district court [wa]s to the victims." *United States v. Jimenez*, 692 F. App'x 192, 203 (5th Cir. 2017); *see also United States v. Jones*, 616 F. App'x 726, 729 (5th Cir. 2015).

Here, especially given the victim mother's inability to speak at sentencing, it is prudent to permit the district court to ask and decide whether special circumstances excuse the government's failure to present evidence the first time around.

\* \* \*

We therefore VACATE and REMAND the restitution order for proceedings consistent with this opinion.