# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50313

United States Court of Appeals
Fifth Circuit

**FILED**
April 24, 2018

Lyle W. Cayce
Clerk

MARIA HERNANDEZ,

> Plaintiff - Appellant

v.

UNITED STATES OF AMERICA,

> Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas

Before STEWART, Chief Judge, and HAYNES and WILLETT, Circuit Judges.

HAYNES, Circuit Judge:

Maria Hernandez was convicted of and imprisoned for various federal crimes, only to have her conviction set aside ten years later for ineffective assistance of counsel. Federal law permits certain classes of the "unjustly convicted" to sue in the United States Court of Federal Claims for compensation. *See* 28 U.S.C. § 1495. But to succeed in such a suit, a plaintiff must first receive a certificate described in 28 U.S.C. § 2513 from the district court that set aside the conviction.

Hernandez sought such a certificate, which the district court denied. She now appeals. The only contested issue on appeal is whether Hernandez satisfied one of the requirements of § 2513: that the plaintiff be (a) exonerated

No. 17-50313

on the grounds that she is not guilty or (b) found not guilty after a new trial or rehearing. *Id.* § 2513(a)(1). For the reasons set forth below, we AFFIRM.

## I.     Background

Hernandez was convicted in a drug and money laundering conspiracy case in 2004. The primary evidence connecting Hernandez to the conspiracy was $125,000 sent from Robert Fansler, the head of the scheme, to "Maria Pena" at the address 41721 Road 168, Orosi, California. That property was a 20-acre ranch which had two homes on it, each of which received mail at that address. Hernandez had lived in one of the homes until 2000. Her sister-in-law, who was named Maria Trinidad Pena Topete, lived in the other home. The money was sent to the address in 2001, a year after Hernandez had left the property. Yet, Hernandez's attorney presented no evidence or argument about the sister-in-law or that Hernandez had moved away. Hernandez was convicted and sentenced to 204 months' imprisonment.

Hernandez filed a writ of habeas corpus under 28 U.S.C. § 2255 and successfully had her conviction vacated. The district court reviewing her habeas petition concluded that Hernandez's counsel was ineffective for not presenting any evidence about the other Maria. The district court found that "had the jury been presented with testimony clarifying that Maria Trinidad [Pena] Topete was not Maria Hernandez, then a reasonable juror could have come to the conclusion that the $125,000 sent to 'Maria Pena' was not intended for Maria Hernandez." Because Hernandez's counsel completely failed to investigate the existence of the other Maria—or do any pre-trial investigation—the district court concluded the attorney "rendered deficient representation." The court also found prejudice given the importance of this evidence. All that was left of the Government's case without the $125,000 evidence was that Hernandez "was at her home one day when individuals were unloading marijuana nearby and that she (or someone named Maria) made two

2

No. 17-50313

brief phone calls" to someone involved in the conspiracy. The court found that there was "a probability of acquittal 'sufficient to undermine confidence in the outcome' and that therefore Maria Hernandez's defense was certainly prejudiced by [her attorney's] failure to investigate." The court vacated Hernandez's conviction and ordered her released pending a retrial.

Instead of trying Hernandez again, the Government filed a motion to dismiss her indictment. In its motion, it asserted that the "vast majority of the evidence linking Ms. Hernandez to the charged conspiracy was the testimony of cooperating co-conspirators," and that three of those witnesses were no longer able to testify. The district court granted the motion to dismiss, ending the case.

Following the dismissal, Hernandez sought compensation for wrongful imprisonment through a Congressionally-approved program. Those "unjustly convicted of an offense against the United States and imprisoned" are permitted to seek damages from the United States government. 28 U.S.C. § 1495. Such damages suits must be filed in the United States Court of Federal Claims. *Id.* To succeed on such a claim, a plaintiff must meet certain requirements. 28 U.S.C. § 2513. The first requirement, which is the central focus of this appeal, is that

> [her] conviction has been reversed or set aside on the ground that [she] is not guilty of the offense of which [she] was convicted, or on new trial or rehearing [she] was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction.

*Id.* § 2513(a)(1). The second requirement is that the plaintiff must prove she "did not commit any of the acts charged or [her] acts, deeds or omissions in connection with such charge constituted no offense against the United States," and that she "did not by misconduct or neglect cause or bring about [her] own

3

prosecution." *Id.* § 2513(a)(2). The statute peculiarly provides that "[p]roof of the requisite facts shall be by a certificate of the court . . . wherein such facts are alleged to appear, and other evidence thereof shall not be received." *Id.* § 2513(b).

Hernandez requested "an appropriate certificate" under § 2513 from the district court that granted her habeas petition. The same judge who had granted Hernandez's habeas petition concluded that Hernandez's conviction "was not set aside on the grounds that she was not guilty; it was set aside because of her counsel's ineffective assistance and resulting prejudice." The court thus denied her a certificate because she failed to satisfy § 2513(a)(1)'s requirements. Hernandez now appeals.

## II. Standard of Review

The parties disagree about the appropriate standard of review. We have never decided the standard of review for denial of a certificate under 28 U.S.C. § 2513. Other courts have reviewed such denials for an abuse of discretion. *See United States v. Graham*, 608 F.3d 164, 172 (4th Cir. 2010); *United States v. Racing Servs., Inc.*, 580 F.3d 710, 711–12 (8th Cir. 2009); *Betts v. United States*, 10 F.3d 1278, 1283 (7th Cir. 1993); *Rigsbee v. United States*, 204 F.2d 70, 72–73 & n.3 (D.C. Cir. 1953). We need not decide the standard of review that applies to this case because, even if we apply the least deferential standard—de novo review—we still find no error.

## III. Discussion

Hernandez contends that she has satisfied § 2513(a)(1)'s requirement that her "conviction has been reversed or set aside on the ground that [she] is not guilty of the offense of which [she] was convicted, or on new trial or rehearing [she] was found not guilty of such offense." Hernandez believes she satisfied the statute's requirements through the hearing on her petition for writ of habeas corpus. We disagree.

No. 17-50313

To satisfy § 2513 by relying on her habeas proceedings, Hernandez must show that the district court vacated her conviction *because* she was not guilty—not just that the court discussed her innocence, or even mentioned that it thought she was not guilty.  The statute's text makes that clear, and our case law supports that reading.  The text connects the action the court took—"set aside"—with a particular finding about the prisoner—"not guilty."  To link the court's action with the finding, Congress used the phrase "on the ground that," which means the "justification" for setting aside the conviction must be that the defendant was "not guilty."  *See* Ground, OXFORD ENGLISH DICTIONARY (2d ed. 1989) (defining the phrase "on the ground of" to mean "by reason of (some circumstance alleged in justification of a procedure)); *see also* 4 OXFORD ENGLISH DICTIONARY 450 (1933).  In our only extended treatment of § 2513, *Osborn v. United States*, we concluded that § 2513(a)(1) was not satisfied when a petitioner's conviction was set aside for lack of jurisdiction by the trial court. 322 F.2d 835, 840–41 (5th Cir. 1963).  Rather than a "determination that '[the petitioner was] not guilty of the offense of which he was convicted,'" the order setting aside his conviction was "a procedural decision."  *Id.* at 841.

Hernandez's conviction was similarly set aside on procedural grounds, and she thus fails to satisfy § 2513(a)(1).  As the district court concluded, her conviction "was set aside because of her counsel's ineffective assistance and resulting prejudice," not because she was "not guilty."  Though ineffective assistance claims analyze whether the jury would have convicted the defendant, the standard applied—"a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt"—is lower than that to be found "not guilty."  *See Hoffman v. Cain*, 752 F.3d 430, 440 (5th Cir. 2014) (quoting *Strickland v. Washington*, 466 U.S. 668, 695 (1984)).  An ineffective assistance claim is about the constitutional right to effective assistance of counsel in support of a fair trial—not innocence.  *See*

5

*Strickland*, 466 U.S. at 684 ("[T]his Court has recognized that the Sixth Amendment right to counsel exists, and is needed, in order to protect the fundamental right to a fair trial."). As we said in *Osborn*, "a claimant under [§ 2513] may not rely upon the manner in which he was tried to show that he actually committed no substantive offense." 322 F.2d at 841–42. Consequently, Hernandez's conviction was not "set aside on the ground that she [is] not guilty."

Similarly, Hernandez was not "found not guilty" on "rehearing." Hernandez asserts, without any citation to the record, that the "Magistrate Judge specifically held that if a new trial were held, [Hernandez] would be acquitted of all charges." The Magistrate Judge's Report and Recommendation does not include any such holding. The closest it ever comes to saying that is when the Magistrate Judge wrote, "The undersigned can strongly conclude that counsel's errors have unfairly undermined the confidence in Petitioner Maria Hernandez's guilty verdict." But, again, that analysis focuses on whether she had a fair trial, not whether she was or was not guilty. Had Hernandez's habeas proceeding actually resulted in a declaration that she was not guilty, the district court would have discharged her without any caveat, rather than ordering a new trial.[1]

---

[1] In her reply brief, Hernandez argues that "[a]t a minimum, [she] should be granted a hearing on this issue." It is unclear from her briefing what precisely "this issue" is intended to mean. Regardless, because she waited until her reply brief to raise this argument, she has waived it. *See Lockett v. EPA*, 319 F.3d 678, 684 n.16 (5th Cir. 2003) ("To the extent that appellants attempt to raise the issue . . . in their reply brief, we view the issue waived."). Similarly, Hernandez passingly argues that the Government's decision not to retry her—which she did not oppose at the time—violated her right to due process. She has insufficiently briefed the issue, and it is therefore waived. *See Hollis v. Lynch*, 827 F.3d 436, 451 (5th Cir. 2016) (considering a "passing reference" to a claim in an appellate brief to be insufficient).

## IV.    Conclusion

Hernandez has thus not identified any reversible error in the district court's denial of her certificate.  Accordingly, we AFFIRM the judgment below.