# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11524

United States Court of Appeals
Fifth Circuit

**FILED**
July 11, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LINZI LADAWN SHIFFLETT,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CR-497-1

Before KING, ELROD, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Defendant Linzi Ladawn Shifflett pleaded guilty to two counts of producing child pornography. Shifflett now challenges her conviction and the district court's restitution order. For the following reasons, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-11524

**I.**

Defendant Linzi Ladawn Shifflett used "Jane Doe" to create child pornography, which she sent to a stranger. At the time of these events, Jane Doe was approximately four years old.

Shifflett was charged with two counts of producing child pornography in violation of 18 U.S.C. § 2251(a) and (e), and one count of transporting and shipping child pornography in violation of 18 U.S.C. § 2252A(a)(1). Shifflett pleaded guilty to the two counts of producing child pornography pursuant to a written plea agreement. By entering into the plea agreement, Shifflett consented to "waive[] her rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the convictions, sentences, fines and orders of restitution or forfeiture in an amount to be determined by the district court," as well as her right to bring a collateral attack. Shifflett reserved some rights to appeal, including the right to bring a direct appeal challenging a sentence exceeding the statutory maximum punishment.

The district court sentenced Shifflett to 360 months' imprisonment for each count, to run consecutively, and a life term of supervised release. At the sentencing hearing, the Government presented several witnesses who described the extent of Shifflett's abuse and the emotional and physical trauma Jane Doe suffered as a result. The court determined that Shifflett had proximately caused Jane Doe's harm, despite evidence that another person had abused Jane Doe as well. Thus, the district court ordered Shifflett to pay $194,815.17 in restitution to Jane Doe, care of her court-appointed guardian ad litem.

Shifflett now appeals, arguing that there was an insufficient factual basis to support her guilty plea to Count One of the indictment, that the statute under which she was convicted is unconstitutional, and that the restitution order inappropriately awards fees for costs that Shifflett did not proximately

cause and costs that were incurred by the State of Texas, rather than Jane Doe. At oral argument, Shifflett's counsel conceded that Shifflett failed to preserve all of these issues except whether the restitution order included costs she did not proximately cause. Shifflett's counsel also conceded that there was no plain error as to the issues that Shifflett failed to preserve. Accordingly, the only issue remaining before us is whether the restitution order improperly includes losses to the victim that Shifflett did not proximately cause.

## II.

### A.

"This court reviews de novo whether an appeal waiver bars an appeal." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). To determine the validity of the appeal waiver, "this court considers whether the waiver was knowing and voluntary and whether, under the plain language of the plea agreement, the waiver applies to the circumstances at issue." *Id.* In doing so, we employ "ordinary principles of contract interpretation, construing waivers narrowly and against the Government." *Id.*

Shifflett does not contest that her appeal waiver was knowing and voluntary. Therefore, the only question is whether the language of her waiver forecloses her challenge to the district court's restitution order. Shifflett argues that she can still challenge the restitution order because she reserved the right to challenge a sentence that exceeds the statutory maximum punishment. Generally, "an order of restitution that exceeds the victim's actual losses or damages is an illegal sentence." *United States v. Chem. & Metal Indus., Inc.*, 677 F.3d 750, 752 (5th Cir. 2012) (quoting *United States v. Middlebrook*, 553 F.3d 572, 579 (7th Cir. 2009)). Accordingly, this court has allowed a defendant whose appeal waiver included a statutory-maximum exception to challenge the court's restitution award when the district court "failed to find, and there was no evidence of," the victim's loss. *Id.* Likewise, such an appeal waiver does not

foreclose a claim that the district court failed to make a finding that the defendant's conduct proximately caused the victim's alleged losses. *See United States v. Winchel*, 896 F.3d 387, 389 (5th Cir. 2018) ("[I]f a court orders a defendant to pay restitution . . . without determining that the defendant's conduct proximately caused the victim's claimed losses, the amount of restitution necessarily exceeds the statutory maximum."). Because Shifflett's argument fails on the merits, we assume without deciding that Shifflett's appeal waiver does not bar her argument that the restitution order included costs she did not proximately cause.

### B.

Shifflett argues that the district court erroneously ordered her to pay restitution for losses that Shifflett did not proximately cause. Because she preserved her objection, we review the legality of the district court's restitution order de novo. *United States v. Villalobos*, 879 F.3d 169, 171 (5th Cir. 2018).

Shifflett committed offenses under § 2251; thus, the district court was required to order restitution for "the full amount of the victim's losses," which the statute defines to include "any costs incurred, or that are reasonably projected to be incurred in the future, by the victim, as a proximate result of the offenses involving the victim." 18 U.S.C. §§ 2259(b)(1), (c)(2). "Restitution is therefore proper under § 2259 only to the extent the defendant's offense proximately caused a victim's losses." *Paroline v. United States*, 572 U.S. 434, 448 (2014).

We find that the district court did not err in its restitution order. Shifflett does not take issue with the district court's determination that Jane Doe's harm was equal to $194,815.17. But she argues that she is only responsible for a fraction of that amount because others contributed to the victim's abuse and the district court failed to make specific findings about the amount of abuse Shifflett proximately caused. This argument is without merit. The district

No. 17-11524

court specifically found that Shifflett proximately caused the victim's losses. This finding supports the district court's order requiring Shifflett to pay restitution for the entire amount of Jane Doe's harm. That others may have also abused Jane Doe does not mean that the district court erred. *Cf.* Restatement (Second) of Torts § 430 cmt. d (Am. Law Inst. Mar. 2019 Update) (explaining that an event may have more than one proximate cause). Accordingly, we find that the district court appropriately ordered Shifflett to pay the full amount of restitution.

## III.

For the foregoing reasons, we AFFIRM the judgment of the district court.