# United States Court of Appeals
# for the Fifth Circuit

No. 22-40133
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 28, 2022

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Edward Sanchez,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:19-CR-850-1

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:*

Edward Sanchez was convicted by a jury on nine counts of various sex crimes involving minors. He was sentenced to, *inter alia*, life imprisonment and ordered to pay $3,091.55 in restitution to each of three minor victims, totaling $9,274.65, pursuant to 18 U.S.C. § 2429 and former 18 U.S.C.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-40133

§ 2259. These amounts are intended to compensate the victims for future counseling.

Sanchez proceeded *pro se* at trial and sentencing. He is represented by counsel on appeal. Sanchez challenges the restitution order, contending there was insufficient evidence supporting the award. (In his reply brief on appeal, he concedes other challenges on appeal lack merit.)

Assuming, without deciding, Sanchez preserved the remaining issue raised on appeal, our court reviews the "restitution order's legality de novo and its amount for abuse of discretion". *United States v. Villalobos*, 879 F.3d 169, 171 (5th Cir. 2018). Factual findings are reviewed for clear error. *E.g.*, *United States v. Read*, 710 F.3d 219, 231 (5th Cir. 2012).

Former § 2259 provided mandatory restitution for "the full amount of the victim's losses", including "costs incurred for psychiatric and psychological care". *Villalobos*, 879 F.3d at 171 (citation omitted). Under § 2429, restitution is mandatory for the "full amount of the victim's losses", including "costs incurred, or that are reasonably projected to be incurred . . . as a proximate result of the offenses involving the victim" for, *inter alia*, "medical services relating to physical, psychiatric, or psychological care". 18 U.S.C. § 2429(b)(3); *id.* § 2259(c)(2); *see United States v. Kempter*, 29 F.4th 960, 969 (8th Cir. 2022) (Section 2429(b)(3)'s cross-reference to § 2259(b)(3), rather than § 2259(c)(2), is a scrivener's error.).

Each victim submitted a statement explaining how she was affected by Sanchez' actions, and a counselor who interviewed the victims testified at sentencing that they could benefit from counseling services. Moreover, the presentence investigation report (PSR) provided a detailed explanation of how the recommended restitution amounts were calculated, and a victim witness coordinator testified the amounts were reasonable estimates of the costs the victims would incur for counseling in the Philippines.

No. 22-40133

Although the amount of restitution ordered might not be "exact", there is no indication it represents the court's "caprice". *Villalobos*, 879 F.3d at 172 (citation omitted); *see also United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (court may adopt facts in PSR if they "have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable" (citation omitted)).  Accordingly, the restitution order was not an abuse of discretion.

AFFIRMED.