# United States Court of Appeals
# for the Fifth Circuit

No. 22-10170
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 10, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ronald Berry,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-208-1

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Ronald Berry appeals his within-guidelines 168-month prison sentence that was imposed following his guilty plea conviction for possession with the intent to distribute 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

For preserved errors, we review the district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. *See United States v. Gomez-Alvarez*, 781 F.3d 787, 791 (5th Cir. 2015). "A factual finding is not clearly erroneous if it is plausible, considering the record as a whole." *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010).

Berry argues that the district court erred in applying the two-level enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance. In particular, Berry contends that the plain language of § 2D1.1(b)(12) and its application notes preclude its application to a primary residence. We need not decide whether Berry has preserved that legal argument because it fails regardless of the standard of review. *See Hernandez v. United States*, 888 F.3d 219, 222-23 (5th Cir. 2018). This court has held that the use of a premises as a residence does not preclude application of the drug-premises enhancement under § 2D1.1(b)(12). *See United States v. Galicia*, 983 F.3d 842, 844 (5th Cir. 2020).

Moreover, Berry contends that there is insufficient evidence to support the premises enhancement in this case. The record, however, showed that, over three times in two weeks, a confidential source purchased drugs from Berry at his residence. Berry's roommate, who had moved in with Berry six months prior to the arrest, knew Berry to deal drugs from the residence, and the roommate said that he even let Berry's customers inside the residence so that Berry could sell them drugs. Furthermore, a search of the residence revealed: a surveillance system; thousands of dollars in drug proceeds; loaded handguns and a rifle; and three baggies of methamphetamine, two baggies of heroin, two baggies and two jars of marijuana, three baggies of cocaine, and six baggies of pills. Investigators also observed vehicle traffic arriving and departing from the residence. In view of

No. 22-10170

the record, the district court did not clearly err in applying the drug-premises enhancement here. *See Galicia*, 983 F.3d at 845.

In addition, Berry contends that the district court erred by considering his pending murder charge in sentencing him. We review this unpreserved challenge for plain error. *See United States v. Zarco-Beiza*, 24 F.4th 477, 481-82 (5th Cir. 2022). On plain error review, Berry must demonstrate that: (1) the district court erred; (2) the error was plain or obvious; (3) the error affected his substantial rights; and (4) the error "seriously affected the fairness, integrity or public reputation of judicial proceedings." *Id.* at 482 (internal quotation marks, brackets, and citation omitted).

A district court cannot rely on a bare arrest record or a bare pending charge when determining a defendant's sentence. *See id.* at 482-83. In this case, however, the pending charge was not bare because it was accompanied by a factual recitation of Berry's conduct that gave rise to the charge, and the factual recitation had sufficient indicia of reliability because it was drawn from a police report and included information gathered from an interview with a witness. *See id.* at 482; *United States v. Fields*, 932 F.3d 316, 320 (5th Cir. 2019). Because the factual recitation possessed sufficient indicia of reliability and Berry did not offer any rebuttal evidence challenging the truthfulness, accuracy, or reliability of the evidence supporting the factual recitation, the district court could properly consider the pending murder charge when imposing Berry's sentence. *See United States v. Harris*, 702 F.3d 226, 231 (5th Cir. 2012). Accordingly, Berry has not shown any clear or obvious error.

Moreover, Berry has not shown that the error, if any, affected his substantial rights. *See Zarco-Beiza*, 24 F.4th at 482. The district court did not mention the pending murder charge when providing its reasons for his sentence. Rather, the district court explained that its sentence was justified

by the facts of the instant offense—Berry's drug distribution offense. On this record, Berry has not demonstrated a "reasonable probability that he would have received a lesser sentence but for the court's consideration" of his pending murder charge. *Zarco-Beiza*, 24 F.4th at 483.

Finally, Berry contends that his sentence at the top of his guidelines range was greater than necessary to meet the sentencing objectives set forth in 18 U.S.C. § 3553. In support, Berry highlights: (1) the limited number of drug transactions with the confidential source; (2) his low criminal history score; (3) the nationwide median sentence for methamphetamine traffickers; and (4) his low risk for recidivism.

As Berry preserved this challenge, our review is for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Hinojosa-Almance*, 977 F.3d 407, 411 (5th Cir. 2020). Where, as here, the district court imposed a sentence within the guidelines range, the sentence is entitled to a rebuttable presumption of reasonableness on appeal. *United States v. Rashad*, 687 F.3d 637, 644 (5th Cir. 2012). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing sentencing factors." *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Berry has not made that showing here. The district court considered Berry's mitigation arguments but determined that the 168-month sentence was necessary based on the § 3553(a) factors. Berry's "claim amounts to a request that we reweigh the sentencing factors and substitute our judgment for that of the district court, which we will not do." *United States v. Hernandez*, 876 F.3d 161, 167 (5th Cir. 2017). Accordingly, Berry has not

No. 22-10170

rebutted the presumption that his within-guidelines sentence is reasonable. *See id.*

AFFIRMED.