# United States Court of Appeals
# for the Fifth Circuit

————————

United States Court of Appeals
Fifth Circuit

**FILED**

March 21, 2023

Lyle W. Cayce
Clerk

No. 22-10194
Summary Calendar

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

George John Maslovar,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:21-CR-87-1

————————————————————

Before King, Higginson, and Willett, *Circuit Judges*.

Per Curiam:[*]

George John Maslovar pleaded guilty under a plea agreement to possession of child pornography involving a prepubescent minor, in violation of 18 U.S.C. § 2252A(a)(5)(B) & (b)(2). The district court awarded $7,000 in restitution to one of the victims in the photos under 18 U.S.C. § 2259.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Maslovar challenges both the legality and the amount of the restitution award.

We generally review "a restitution order's legality de novo and its amount for abuse of discretion." *United States v. Villalobos*, 879 F.3d 169, 171 (5th Cir. 2018). The Government argues that plain-error review applies to some of Maslovar's arguments because Maslovar failed to preserve specific arguments on the legality and amount of restitution. Maslovar argues that de novo review applies regardless of whether he preserved his legality argument and that he preserved all arguments on the restitution amount. We need not resolve which standard of review applies because Maslovar's arguments fail even under the less deferential de novo review. *See Hernandez v. United States*, 888 F.3d 219, 222–23 (5th Cir. 2018).

Maslovar first contends that the identified victim, referred to as "Sarah," cannot be considered a victim of his offense for purposes of § 2259 because the Government did not prove that he possessed Sarah's image during the temporal scope of the indictment, which he asserts was from October 17, 2020, to July 14, 2021. Even if we agreed that the indictment was limited in scope to that period, the record demonstrates that Maslovar possessed Sarah's image during that time frame. Accordingly, the district court did not err in finding that Sarah was entitled to restitution under § 2259. *See* § 2259(c)(4); *Paroline v. United States*, 572 U.S. 434, 445 (2014).

Maslovar next argues that the district court erred in determining the amount of restitution under *Paroline*. He makes two arguments: (1) the district court failed to assess all of the *Paroline* factors and (2) the district court relied on irrelevant factors. First, the district court stated at sentencing that it had conducted a *Paroline* analysis and agreed with the Government's view of the factors. The court also lowered the amount based on Maslovar's arguments on the factors at sentencing. Sure, the district court did not make

explicit findings on each *Paroline* factor, but it was not required to do so. *See United States v. Halverson*, 897 F.3d 645, 654 (5th Cir. 2018).

Second, none of the factors the district court considered were irrelevant to determining the amount of loss proximately caused by Maslovar. Although the court considered factors that were not expressly delineated in *Paroline*, that case does not exhaustively list factors that a district court can consider. *See Paroline*, 572 U.S. at 460. The record reflects that the district court followed *Paroline's* directive to "assess as best it [could] from available evidence the significance of [Maslovar's] conduct in light of the broader causal process that produced [Sarah's] losses," and we ascertain no error. *Paroline*, 572 U.S. at 459.

AFFIRMED.