# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2023

Lyle W. Cayce
Clerk

No. 22-20275
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Afzal Arsalan Rehman,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-254-1

_____

Before Smith, Southwick, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Afzal Rehman appeals his conviction and sentence for possession of a firearm by an alien and misrepresentation of citizenship. He contends that the district court committed reversible error in admitting evidence seized from his cell phones. Rehman maintains that he provided the FBI agents the passcodes to access the phones during a suppressed FBI interview, so the

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

evidence should have been excluded as fruit of the poisonous tree.

We review evidentiary rulings for abuse of discretion. *United States v. Jackson*, 636 F.3d 687, 692 (5th Cir. 2011). Any error in admitting the evidence is subject to harmless-error review, and "[u]nless there is a reasonable possibility that the improperly admitted evidence contributed to the conviction, reversal is not required." *United States v. Okulaja*, 21 F.4th 338, 344 (5th Cir. 2021) (internal quotation marks and citation omitted). We review evidentiary ruling for plain error where a "defendant did not object to the evidence on the basis presented on appeal." *United States v. Williams*, 620 F.3d 483, 488-89 (5th Cir. 2010). The parties disagree on the applicable standard of review. We need not decide whether Rehman properly preserved the issue because, regardless of the standard of review, his argument fails. *See Hernandez v. United States*, 888 F.3d 219, 222–23 (5th Cir. 2018).

Under the fruit-of-the-poisonous-tree doctrine, "all evidence derived from the exploitation of an illegal search or seizure must be suppressed, unless the Government shows that there was a break in the chain of events sufficient to refute the inference that the evidence was a product of the Fourth Amendment violation." *United States v. Cotton*, 722 F.3d 271, 278 (5th Cir. 2013) (internal quotation marks and citation omitted). "A search conducted pursuant to consent is excepted from the Fourth Amendment's warrant and probable cause requirements." *United States v. Solis*, 299 F.3d 420, 436 (5th Cir. 2002).

Rehman's argument implicating the fruit-of-the-poisonous-tree doctrine is unavailing because the evidence supports that his consent to the search of the phones and his disclosure of the passcodes occurred before the suppressed FBI interview. *See Cotton*, 722 F.3d at 278. Furthermore, Rehman does not aver that his consent to search his cell phones was obtained involuntarily. *See Solis*, 299 F.3d at 436. AFFIRMED.