# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 5, 2025

Lyle W. Cayce
Clerk

No. 24-50894

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Paul Casey Whipple,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-13-1

_____

Before Higginbotham, Ho, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Paul Casey Whipple pleaded guilty to four counts of Production of Child Pornography, five counts of Distribution of Child Pornography, and one count of Possession of Child Pornography. The district court sentenced him to 600 months imprisonment and imposed lifetime supervised release. The district court also ordered Whipple to pay $54,000 in restitution. On

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

appeal, Whipple challenges the district court's restitution order and objects to one condition of his supervised release. Finding no error, we affirm.

I.

Whipple objects to the district court's restitution order on two grounds. We review the legality of a restitution order de novo and its amount for abuse of discretion. *See United States v. Villalobos*, 879 F.3d 169, 171 (5th Cir. 2018).

First, Whipple argues that the district court imposed restitution under the wrong statute because the Presentence Report ("PSR") identified 18 U.S.C. § 3663A as the basis for restitution, and the district court adopted the PSR at sentencing. But the district court never referenced § 3663A during sentencing. Instead, it correctly identified 8 U.S.C. § 2259 as the operative statute when imposing restitution.

Next, Whipple contends that the district court's restitution order is excessive because it failed to properly analyze causation pursuant to 8 U.S.C. § 2259. Section 2259(b)(2) provides that a court "shall order restitution" for all defendants "convicted of trafficking in child pornography." The amount should "reflect[] the defendant's relative role in the causal process" but may not be "less than $3,000." § 2259(b)(2)(B).

The district court sufficiently addressed causation at sentencing. It acknowledged that—based on information in the record—it lacked sufficient information to "say that someone is [more] harmed than another person" and thus deserves more restitution. So it chose instead to award the statutory minimum amount to each victim.

The district court convicted Whipple of ten counts of child pornography production, distribution, and possession. And every victim awarded restitution was identified in the child pornography Whipple possessed. Thus, § 2259 mandates restitution, and the district court did not abuse its discretion

by imposing the $3,000 statutory minimum for each victim, for a total of $54,000.

To the extent Whipple argues that *any* restitution order was inappropriate because the harm to the victims was too attenuated, this argument is foreclosed by Supreme Court precedent. In child pornography cases, the "cause of the victim's general losses is the trade in her images." *Paroline v. United States*, 572 U.S. 434, 456 (2014). And a defendant is "a part of that cause, for he is one of those who viewed [the] images." *Id.* "[T]here can be no question that it would produce anomalous results to say that no restitution is appropriate in these circumstances." *Id.* at 457. Section 2259 "indicates Congress' clear intent that victims of child pornography be compensated by the perpetrators who contributed to their anguish." *Id.*

Accordingly, the district court did not abuse its discretion in ordering Whipple to pay $54,000 in restitution.

## II.

Second, Whipple contends that the district court erred in imposing a discretionary sex-offender-specific condition of supervised release because it did not orally pronounce that condition at sentencing. We disagree.

A "district court's 'oral adoption' at sentencing of a document listing proposed supervision conditions satisfies the oral-pronouncement requirement and provides notice to the defendant." *United States v. Gomez*, 960 F.3d 173, 179 (5th Cir. 2020) (citing *United States v. Diggles*, 957 F.3d 551, 562–63 (5th Cir. 2020)). "[A]ny document listing proposed conditions of supervised release will suffice so long as the district court ensures that the defendant had an opportunity to review it with counsel and orally adopts it when the defendant is in court." *Id.* (cleaned up).

No. 24-50894

In its written judgment, the district court imposed a discretionary sex-offender-specific condition of supervised release which required periodic polygraph testing, among other things. This condition was included in the PSR. Thus, Whipple had both notice of the condition and an opportunity to object—which he did at sentencing. The district court overruled this objection and orally adopted the PSR at sentencing. Thus, the district court did not err in imposing this discretionary condition of supervised release.

We affirm.