# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 18, 2026

Lyle W. Cayce
Clerk

No. 25-30225

United States of America,

*Plaintiff—Appellee*,

*versus*

Matthew Matherne,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:24-CR-24-1

Before Elrod, *Chief Judge*, and Ho and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Defendant–Appellant Matthew Matherne pleaded guilty to production of child pornography, and the district court ordered $155,255.48 in restitution for the victim's counseling services and accompanying costs. On appeal, Matherne contends that the district court abused its discretion in awarding the victim $139,628 for her projected treatment costs, on the grounds that the government proffered insufficiently reliable evidence to

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

establish the victim's losses and failed to establish that Matherne's offense caused these losses. Because Matherne has not shown that the district court abused its discretion in awarding restitution, we AFFIRM the restitution award. But because the district court's award failed to include $2,700 in family-counseling costs to the victim, we VACATE and REMAND for the district court to correct the total restitution amount to $157,955.48.

I

In December 2023, Matthew Matherne abducted a 15-year-old girl, held her hostage for several weeks, and repeatedly took photographs of himself sexually abusing her. He pleaded guilty to production of child pornography, in violation of 18 U.S.C. § 2251(a). The district court sentenced him to 210 months' imprisonment followed by lifetime supervised release. The district court ordered restitution as a condition of Matherne's supervised release and scheduled a restitution hearing. Matherne waived his presence at the hearing due to his significant medical conditions, and his counsel appeared on his behalf.

At the restitution hearing, the government relied on five exhibits to establish the restitution amount: a letter from social worker Laura Jones, the victim's primary counselor; Jones's curriculum vitae; Jones's cost-estimate report for projected future treatment for the victim; victim-impact statements from the victim and her mother; and the victim's mother's estimate of past costs incurred in advertising on Facebook to locate her missing daughter, as well as projected future costs of traveling to the victim's counseling appointments. The cost-estimate report featured the following chart, which detailed the projected cost of seven categories of treatment for the victim:

No. 25-30225

| Service | Duration | Frequency | Unit expense | Subtotal |
|---|---|---|---|---|
| Psychiatric consultation on a biweekly to monthly basis for the next 10 years | 10 years | Once per month (or more frequent, as the doctor sees fits) | $250.00 | $30,000 |
| Individual counseling for Trauma and loss | 8 years | Once per week | $125.00 | $520,000.00 |
| Family Counseling for trauma, rebuilding healthy attachment, and grief | 6 years | Twice a month | $138.00 | $21,528.00 |
| Group counseling for trauma, anxiety, and bereavement | 2 years | Once per week | $100.00 | $10,400 |
| Family Consultation | 2 years | Once per month | $125.00 | $300.00 |
| Re-Evaluations | 8 years | Annually | $250.00 | $2,000.00 |
| Community based Parent Coaching Services | 1 year | 5 hours weekly | $90.00 | $23,400 |

The total of all services is $ 607,628.00.

When the government's counsel introduced the exhibits, he acknowledged a "scrivener's error" in this chart. As he explained, the chart incorrectly stated that "Individual counseling for trauma and loss" weekly for eight years at $125 per session would cost $520,000, when that subtotal should have been $52,000. He asserted that the parties had "resolved" this error after he "sent an e-mail to [them] explaining the correct calculation and how [he] came to that number." The chart also contained an additional error unacknowledged by either the government or the defense: namely, it showed that that the subtotal for "Family Consultation" once per month for two years at $125 per session would cost $300, when that subtotal should have been $3,000.

The government sought total restitution of $172,594.48, divided into three categories of losses. First, it sought $139,628 in projected future treatment expenses, based on the cost estimates in the chart and the other

supporting documentation. Second, it sought $627.48 to reimburse the victim mother's Facebook advertising costs. And third, it sought $32,339 in projected gas expenses for the victim's travel to counseling, based on Jones's estimate.

Matherne's counsel objected to the introduction of the first three exhibits on hearsay and Confrontation Clause grounds, asserting that Jones had not been made available for cross-examination and that her report lacked critical details about the justification for and necessity of the types, duration, and frequency of treatment to be provided. Matherne's counsel also challenged the gas-costs calculation, pointing out that the relevant exhibit appeared to assume 275 miles per week of driving for the victim's counseling with no explanation.

The district court overruled Matherne's objections and admitted all five exhibits. It then accepted the exhibits as evidence supporting its award of $139,628 for the victim's projected treatment costs and its award of $627.48 to reimburse the victim's mother's Facebook advertising costs. It also reduced the claimed gas expenses from $32,339 to $15,000.

Adding these three figures, the district court awarded a total of $155,225.48 in restitution and entered an amended final judgment. Matherne timely appealed.

## II

This court reviews preserved error "as to the quantum of a restitution award" for an abuse of discretion. *United States v. Johnson*, 94 F.4th 434, 440 (5th Cir. 2024) (quoting *United States v. De Leon*, 728 F.3d 500, 507 (5th Cir. 2013)). The legality of the restitution order is reviewed *de novo*, *id.* at 439, and the district court's factual findings regarding the amount of loss are reviewed for clear error, *United States v. Williams*, 993 F.3d 976, 980 (5th Cir. 2021) (citing *United States v. Mathew*, 916 F.3d 510, 516 (5th Cir. 2019)).

Under the clear-error standard, we "give considerable deference to a district court's factual findings" and will sustain them "as long as [they are] plausible in light of the record read as a whole." *United States v. Lagos*, 25 F.4th 329, 335 (5th Cir. 2022) (alteration in original) (quoting *United States v. Krenning*, 93 F.3d 1257, 1269 (5th Cir. 1996)).

## III

Matherne contends that the district court abused its discretion in awarding $139,628 in restitution for the victim's projected treatment costs, for two reasons. First, he asserts that the district court based the award on evidence that lacked sufficient indicia of reliability. And second, he maintains that the government failed to meet its burden of showing that Matherne's offense proximately caused the victim's claimed losses or that the proposed treatments constituted necessary services and, thus, that the district court did not make adequate findings on causation and necessity.[1] We address each argument in turn.

## A

Matherne contends that the district court improperly based its restitution award on the unreliable figures reflected in the one-page chart authored by the victim's counselor. Specifically, he contends that the chart's calculations were unsupported by the record and contained several arithmetic errors. We disagree.

---

[1] The government asserts that Matherne failed to preserve his challenges as to proximate cause, necessity, and the chart's mathematical error. It therefore contends that those challenges should be reviewed for plain error. Because Matherne cannot prevail under the "less deferential" abuse-of-discretion standard, we need not decide whether he preserved all of the specific arguments he makes here. *See United States v. Holguin-Hernandez*, 955 F.3d 519, 520 n.1 (5th Cir. 2020).

18 U.S.C. § 2259 governs restitution in child pornography cases. *United States v. West*, 137 F.4th 395, 402 (5th Cir. 2025). In determining restitution amounts, a district court may consider "affidavits and letters by the injured party . . . and may consider other hearsay evidence that bears minimal indicia of reliability so long as the defendant is given an opportunity to refute the evidence." *United States v. Reese*, 998 F.2d 1546, 1555 (5th Cir. 1993); *see Dickerson*, 909 F.3d at 129 (the evidence on which a restitution award is based must have "sufficient indicia of reliability"). "[E]very dollar" of a restitution award "must be supported by record evidence." *United States v. Sharma*, 703 F.3d 318, 323 (5th Cir. 2012). But the district court "need not [have made] specific findings . . . if the record provides an adequate basis to support the restitution order." *De Leon*, 728 F.3d at 507 (quoting *United States v. Blocker*, 104 F.3d 720, 737 (5th Cir. 1997)).

The government bears the burden of proving restitution amounts by a preponderance of the evidence. 18 U.S.C. § 3664(e). If the government meets its burden, the burden shifts to the defendant to prove the inaccuracy of the amount. *See United States v. Dickerson*, 909 F.3d 118, 129–30 (5th Cir. 2018) (first citing *United States v. Valles*, 484 F.3d 745, 759–60 (5th Cir. 2007); and then citing *Sharma*, 703 F.3d at 325–26)).

We have previously affirmed restitution orders based on statements made by the victim alone, without other supporting documentation. In *United States v. Razo-Leora*, for example, we held that a statement by the victim's widow that he "would have legally earned $950,000 over the next twenty years" was sufficient to support the restitution award (after we had confirmed that the amount was reasonable). 961 F.2d 1140, 1146 (5th Cir. 1992). Likewise, in *United States v. Aubin*, we determined that a letter from the victim calculating losses from the defendant's offense "provided an adequate factual basis for the district court's restitution order." 87 F.3d 141, 150 (5th Cir. 1996). We have further concluded that a letter from a

child-pornography victim reporting that she was "undergoing weekly counseling as of the time her letter was written, and contemplated continuing to do so for the next five years at an estimated cost of $100 per appointment" was "sufficient[ly] reliable evidence" to support a restitution award for her future counseling costs. *United States v. Bevers*, No. 24-30266, 2025 WL 2238586, at *3 (5th Cir. Aug. 6, 2025).

Other circuits have similarly upheld restitution orders in child-pornography cases based on minimal supporting evidence. *See, e.g.*, *United States v. Sotelo*, 130 F.4th 1229, 1252 (11th Cir. 2025) (holding, in a child-pornography case, that counsel's sworn declaration setting out the victim's losses was sufficient evidence to support the restitution award); *United States v. Rothenberg*, 923 F.3d 1309, 1337–38 (11th Cir. 2019) (holding, in a child-pornography-possession case, that a declaration written by the victim's attorney describing her losses was sufficient to meet the government's burden); *United States v. Hoskins*, 876 F.3d 942, 946 (8th Cir. 2017) (holding that "the testimony of the victim and her mother," plus "a basic knowledge of medical expenses," was sufficiently reliable evidence on which to base an estimate of future medical expenses  (quoting *United States v. Emmert*, 825 F.3d 906, 911 (8th Cir. 2016))).

By contrast, we have vacated restitution orders on the grounds that there was insufficiently reliable evidence only when the government failed to provide any evidence—or provided only clearly defective evidence—to support the restitution amount. *See, e.g.*, *West*, 137 F.4th at 402 (vacating a restitution order because "the record contain[ed] no dollar figures or ranges approximating the amount of loss"); *United States v. Villalobos*, 879 F.3d 169, 172 (5th Cir. 2018) (vacating a restitution order when the PSR "recorded that the victims' losses totaled $0.00[,] but [the district court] imposed $10,000 in restitution"); *United States v. Jones*, 475 F.3d 701, 705 (5th Cir. 2007)

(vacating a restitution order because the order's only evidentiary basis was the "unsworn assertions of the government's attorney").

Here, the district court based the restitution amount on sufficiently reliable supporting evidence. It considered five exhibits to determine the award, including a victim-impact statement, a letter from the victim's counselor describing the victim's need for future treatment, a chart with cost estimates for therapy, and the counselor's curriculum vitae. The victim-impact statement and the counselor's letter both provided information on the victim's diagnosis of post-traumatic stress disorder and the challenges that she faced because of it. Jones identified her recommended treatment plan and identified several different counseling modalities based on her own expertise, as well as the length and frequency of treatment and the cost for each session. The supporting evidence here is more substantial and reliable than the victim-impact statement that we found to be sufficient for restitution in *Bevers*. *See* 2025 WL 2238586, at *3. Further, Matherne introduced no rebuttal evidence contradicting Jones's estimates or indicating that her proposed methodologies were otherwise flawed. *See Dickerson*, 909 F.3d at 129–30.

Matherne further asserts that the mathematical errors in the chart render the government's evidence unreliable. We disagree. We have vacated restitution orders due to arithmetic errors only when the errors undermined the reliability of the amount awarded. In *United States v. De Leon*, for example, we concluded that a restitution order was plainly erroneous when it included amounts that the defendant had fraudulently billed to Medicare and Medicaid outside the temporal scope of the charged conspiracy. 728 F.3d at 508. Likewise, in *United States v. Sharma*, we vacated a restitution order when the final award included unrelated payments to the defendants that were not "directly and proximately caused by the offenses of conviction." 703 F.3d at 323–24.

No. 25-30225

Matherne fails to show how the mathematical errors in the counselor's chart infected the final restitution award here. Although the two errors in the chart initially presented an incorrect amount, the district court did not adopt the incorrect $520,000 subtotal for "Individual counseling for trauma and loss," and the mistaken subtotal of $300 for "Family Consultation" resulted in the victim receiving a smaller restitution award than to what she was entitled. Further, these errors do not undermine or cast doubt on the counselor's recommendations regarding the underlying duration, frequency, or unit-expense numbers for the victim's treatment. The district court therefore did not base the restitution award on evidence that lacked sufficient indicia of reliability.

B

Matherne further contends that the government failed to carry its burden of establishing—and the district court failed to make findings as to—whether his offense proximately caused the victim's projected treatment costs and whether those costs were necessary. Specifically, he points out that the victim's mother indicated that her daughter "ha[d] been a victim before" and "had past trauma" before Matherne's offense.

Matherne's arguments lack merit and are contrary to the record. Under § 2259, the government need not prove necessity for any "medical services relating to physical, psychiatric, or psychological care." *See* 18 U.S.C. § 2259(c)(2), (c)(2)(A). In addition, there is ample evidence of causation in the record. In her letter to the court, the victim's counselor stated that her cost-estimate report was "based upon [her] treatment of [the victim] as a result of the abduction and sexual abuse" that Matherne committed, not as a result of the victim's pre-offense trauma. Moreover, prior trauma does not obviate the psychological impact of a later traumatic event, and it "cannot be seriously questioned" that "victims of child

9

pornography suffer psychological harm for which mental health counseling is warranted." *Bevers*, 2025 WL 2238586, at *3. The district court therefore did not abuse its discretion in its award of restitution for the victim's projected treatment costs.

C

Although we conclude that the district court did not abuse its discretion in awarding restitution, we do not overlook the mathematical error in the calculation of the subtotal for "Family Consultation," which caused the district court to award the victim a lower amount than she was entitled to. As discussed above, Jones's chart inaccurately calculated the "Family Consultation" subtotal as $300 instead of $3,000, and the district court's judgment reflects this arithmetical flaw. At argument, counsel for both parties agreed that the $3,000 calculation is indeed incorrect. We therefore vacate and remand for the district court to adjust the total restitution award to $157,955.48, to account for $142,328 in total expected counseling costs. *See* Fed. R. Crim. P. 36.

IV

Accordingly, we AFFIRM the district court's award of restitution, and we VACATE and REMAND for correction of the amount of the award in accordance with this opinion.