United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 19, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40990
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SANTOS DE LOS SANTOS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-03-CR-297-1
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

This court affirmed Santos De Los Santos's sentence for his
guilty-plea conviction of one count of transporting an illegal
alien in violation of 8 U.S.C. §§ 1324(a)(1)(A)(ii) and
1324(a)(1)(A)(v)(II). See United States v. De Los Santos, No.
03-40990 (5th Cir. Feb. 18, 2004). The Supreme Court granted De
Los Santos's petition for a writ of certiorari, vacated this
court's previous judgment, and remanded the case for further

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). See Newsome v. United States, 125 S. Ct. 1112 (2005). We requested and received supplemental briefs addressing Booker's impact. Having reconsidered our decision pursuant to the Supreme Court's instructions, we reinstate our judgment affirming the sentence.

The Government argues that the appeal is moot and also reasserts the argument that the appeal is barred by the waiver-of-appeal provision in De Los Santos's plea agreement. We agree with De Los Santos that his appeal is not moot.

We also agree with De Los Santos that his Booker-based challenge to his sentence is not barred by the waiver-of-appeal provision. The plea agreement specified that the waiver did not affect De Los Santos's rights "to appeal an illegal sentence as set forth in [18 U.S.C. § 3742(a)(1)]." We construe any ambiguity in the plea agreement against the Government. United States v. Martinez, 263 F.3d 436, 438 (5th Cir. 2001). De Los Santos's Booker challenge falls within the broad exception in the appeal waiver allowing an appeal of an "illegal sentence." See United States v. Somner, 127 F.3d 405, 407-08 (5th Cir. 1997).

De Los Santos argues that the application of sentence enhancements based upon facts neither admitted by him nor proved to a jury violated the Sixth Amendment under Booker. He further challenges the enhancement of his sentence under a mandatory guidelines system held to be unconstitutional in Booker. De Los

Santos contends that his objections in the district court to the "factual sufficiency of the evidence supporting the enhancements" preserved this issue for review. De Los Santos's objections to the enhancements were not sufficient to preserve his Booker challenges, as he did not re-urge them on appeal. See United States v. Mares, 402 F.3d 511, 516 & n.2, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

De Los Santos challenged the constitutionality of his sentence on the principles of Booker for the first time in the Supreme Court. Absent extraordinary circumstances, we will not consider a defendant's Booker-related claims presented for the first time in a petition for writ of certiorari. United States v. Taylor, 409 F.3d 675, 676 (2005).

De Los Santos has presented no evidence of extraordinary circumstances. He has not even demonstrated the less demanding standard of plain error. Under Mares, De Los Santos must show a reasonable likelihood that the sentencing court would have imposed a lesser sentence under the advisory guidelines scheme mandated by Booker. Mares, 402 F.3d at 521-22. De Los Santos has not made the requisite showing of prejudice.

De Los Santos argues that his substantial rights were affected because Booker errors are structural or at least presumptively prejudicial. This court has rejected arguments that Booker error is structural and that Booker error should be presumed prejudicial, as such claims conflict with Mares. See

<u>United States v. Malveaux</u>, 411 F.3d 558, 561 n.9 (5th Cir. 2005), <u>petition for cert. filed</u> (July 11, 2005) (No. 05-5297). Because De Los Santos fails under plain-error review, he has not shown the "possibility of injustice so grave as to warrant disregard of usual procedural rules," which is required to establish extraordinary circumstances. <u>See</u> <u>United States v. Ogle</u>, 415 F.3d 382, 384 (5th Cir. 2005)(internal quotations and citation omitted).

We conclude, therefore, that nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case. We therefore REINSTATE OUR JUDGMENT affirming De Los Santos's sentence.

AFFIRMED.