# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11208

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTIAN WINCHEL,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
July 16, 2018

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas

Before KING, JONES, and GRAVES, Circuit Judges.

JAMES E. GRAVES, JR., Circuit Judge:

After entering into a plea agreement with the Government, Defendant-Appellant Christian Winchel pleaded guilty to one count of producing child pornography in violation of 18 U.S.C. § 2251(a), one count of transporting child pornography in violation of 18 U.S.C. § 2252A(a)(1), and one count of possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). The district court sentenced Winchel to 600 months in prison and ordered him to pay $1,443,619.63 in restitution pursuant to 18 U.S.C. § 2259. On appeal, Winchel argues that the restitution order contravenes *Paroline v. United States*, 134 S. Ct. 1710 (2014), because the district court failed to determine whether his conduct proximately caused the victims' alleged losses.

No. 16-11208

I

The Government moves to dismiss Winchel's appeal based on a waiver provision in the plea agreement. The provision states that "Winchel waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his convictions and sentences" but "reserves the right[] . . . to bring a direct appeal of a sentence exceeding the statutory maximum punishment."

"This court reviews de novo whether an appeal waiver bars an appeal." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). It is undisputed that Winchel knowingly and voluntarily agreed to the appeal waiver. The sole question is "whether the waiver applies to the circumstances at hand, based on the plain language of the [plea] agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). "In determining whether a waiver applies, this court employs ordinary principles of contract interpretation, construing waivers narrowly and against the Government." *Keele*, 755 F.3d at 754 (citing *United States v. Palmer*, 456 F.3d 484, 488 (5th Cir. 2006)). "We construe any ambiguity in the plea agreement against the Government." *United States v. Burns*, 433 F.3d 442, 445 n.2 (5th Cir. 2005) (quoting *United States v. De Los Santos*, 152 F. App'x 375, 377 (5th Cir. 2005)); *accord United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001).

Winchel's *Paroline*-based appeal of the district court's restitution order falls within the meaning of "a direct appeal of a sentence exceeding the statutory maximum punishment." Section 2259 authorizes a court to order restitution, but only to the extent it is shown that the defendant in question proximately caused the victim's losses. *Paroline*, 134 S. Ct. at 1720–22. Thus, if a court orders a defendant to pay restitution under § 2259 without determining that the defendant's conduct proximately caused the victim's claimed losses, the amount of restitution necessarily exceeds the statutory maximum. *See United States v. Chem. & Metal Indus., Inc.*, 677 F.3d 750, 752

No. 16-11208

(5th Cir. 2012); *United States v. Gordon*, 480 F.3d 1205, 1209–10 (10th Cir. 2007); *see also United States v. Broughton-Jones*, 71 F.3d 1143, 1147 (4th Cir. 1995) ("Because a restitution order imposed when it is not authorized . . . is no less 'illegal' than a sentence of imprisonment that exceeds the statutory maximum, appeals challenging the legality of restitution orders are similarly outside the scope of a defendant's otherwise valid appeal waiver.").

Because Winchel did not waive his right to bring this appeal, the Government's motion to dismiss is DENIED.

## II

The parties agree that since Winchel did not object to the restitution order in the district court, plain error review governs the merits of his appeal.

> The Supreme Court has identified four requirements for reversing a trial court based upon plain error review: (1) "there must be an error or defect—some sort of [d]eviation from a legal rule—that has not been intentionally relinquished or abandoned"; (2) "the legal error must be clear or obvious, rather than subject to reasonable dispute"; (3) "the error must have affected the appellant's substantial rights"; and (4) "if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error— discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

*United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)). The Government concedes that the first three prongs are satisfied in this case but argues that we should decline to correct the district court's plain error under the fourth prong.

"[I]t is well established that courts 'should' correct a forfeited plain error that affects substantial rights 'if the error seriously affects the fairness, integrity or public reputation of judicial proceedings.'" *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1906 (2018) (quoting *United States v. Olano*,

507 U.S. 725, 736 (1993)). That standard is easily satisfied in the present case. When a court orders a defendant to pay nearly $1.5 million in restitution without determining whether that amount complies with a basic statutory requirement—in this case, § 2259's proximate causation requirement—the fairness, integrity, and public reputation of judicial proceedings are seriously undermined. *See Rosales-Mireles*, 138 S. Ct. at 1908, 1910 (observing that "the public legitimacy of our justice system relies on procedures that are neutral, accurate, consistent, trustworthy, and fair, and that provide opportunities for error correction" and that "a sentence that lacks reliability because of unjust procedures may well undermine public perception of the proceedings" (citation and internal quotation marks omitted)); *Paroline*, 134 S. Ct. at 1729 ("Restitution orders should represent 'an application of law,' not 'a decisionmaker's caprice.'" (quoting *Philip Morris USA v. Williams*, 549 U.S. 346, 352 (2007))).

Given the length of his prison term and the amount of his current assets, the Government deems it unlikely that Winchel will ever pay restitution and contends that the "highly remote chance" that he will is insufficient to justify the further proceedings that compliance with *Paroline* requires. We disagree. The fact that the district court entered a legally binding restitution order without ensuring that the amount was authorized by statute is sufficient to warrant our exercise of discretion under the fourth prong of plain error review. *See United States v. Maturin*, 488 F.3d 657, 663 (5th Cir. 2007) (plain error standard "easily" met where the district court's error regarding the scope of its authority to order restitution "increased the amount of restitution that [the defendant] was ordered to pay by over $100,000"); *United States v. Austin*, 479 F.3d 363, 373 (5th Cir. 2007) ("When a defendant is ordered to pay restitution in an amount greater than the loss caused, the error affects substantial rights as well as the fairness and integrity of the judicial proceeding.").

No. 16-11208

Accordingly, the restitution order is VACATED, and the case is REMANDED to the district court for further proceedings.