# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20820
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 15, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOHN PATRICK ACORD,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CR-20-2

Before JOLLY, JONES, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

John Patrick Acord, proceeding pro se, appeals his conviction and sentence for securities fraud, in violation of 15 U.S.C. §§ 77q(a), 77x, and aiding and abetting in violation of 18 U.S.C. § 2. Acord argues that (1) his guilty plea is not knowing or voluntary; (2) the waiver provision contained in the plea agreement is invalid; (3) the Government breached the plea agreement; (4) the district court's findings with regard to the length of his involvement in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

conspiracy, his role in the conspiracy, and the relevant conduct underlying the guidelines calculations are erroneous; (5) the Sentencing Guidelines were improperly calculated; and (6) the restitution order was unauthorized and the amount of restitution was incorrect.

Acord did not object in the district court to the court's omission of § 2 when reviewing the elements of the offense. When a defendant allows an error in a guilty-plea colloquy to pass without objection, this court reviews for plain error only. *United States v. Vonn*, 535 U.S. 55, 59 (2002). A plain error is a forfeited error that is clear or obvious and affects the defendant's substantial rights. *United States v. Ellis*, 564 F.3d 370, 377 (5th Cir. 2009). When those elements are shown, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

"Aiding and abetting is not a separate offense, but it is an alternative charge in every indictment, whether explicit or implicit." *United States v. Neal*, 951 F.2d 630, 633 (5th Cir. 1992). To the extent that Acord argues that the district court erred by including § 2 in the judgment, his argument is unavailing. The factual basis set forth in the plea agreement demonstrates that Acord and his codefendant worked in concert to commit the acts underlying the criminal offense for their pecuniary advantage. *See United States v. Delagarza–Villarreal*, 141 F.3d 133, 140 (5th Cir. 1997). To the extent that Acord argues the omission of an explanation of the elements of a violation of § 2 during the plea colloquy resulted in an unknowing and involuntary guilty plea, his argument is unavailing. Even if this court were to assume that the district court committed a clear or obvious error by failing to explicitly advise Acord regarding § 2, the error does not warrant reversal under either the third

or fourth prongs of the plain error analysis. *See Ellis*, 564 F.3d at 377; U.S.S.G. § 1B1.3(a)(1).

The Government argues that Acord's appeal waiver bars review of his challenges to his prison sentence under the Guidelines, but it is not seeking enforcement of the waiver with respect to Acord's challenge to the restitution order. Acord knowingly and voluntarily waived his right to appeal. *See United States v. Higgins*, 739 F.3d 733, 736 (5th Cir. 2014). The Government did not breach the plea agreement, as alleged by Acord. Consequently, we will not consider the guidelines-focused sentencing issues raised by Acord.

We review for plain error Acord's challenge to the legality of the district court's restitution order. *See Ellis*, 564 F.3d at 377. "A federal court cannot order restitution except when authorized by statute." *United States v. Espinoza*, 677 F.3d 730, 732 (5th Cir. 2012) (internal quotation marks and citation omitted). Pursuant to 18 U.S.C. § 3556, "[t]he court, in imposing a sentence on a defendant who has been found guilty of an offense shall order restitution in accordance with [18 U.S.C.] section 3663A, and may order restitution in accordance with [18 U.S.C.] section 3663." Section 3663A is the Mandatory Victims Restitution Act (MVRA), and § 3663 is the Victim and Witness Protection Act (VWPA), which is the "MVRA's discretionary counterpart." *United States v. Maturin*, 488 F.3d 657, 660 (5th Cir. 2007); *see* 18 U.S.C. §§ 3663, 3663A. Neither statute authorizes a restitution award for violations of Title 15. *See* §§ 3663(a)(1)(A), 3663A(c)(1).

In accordance with 18 U.S.C. § 3583(d), a district court may order restitution as a condition of supervised release "regardless of the limitations set out in § 3663(a)." *United States v. Dahlstrom*, 180 F.3d 677, 686 (5th Cir. 1999); U.S.S.G. § 5E1.1(a)(2) (same). However, there is no indication in the

record that the district court considered whether to award restitution as a condition of supervised release.

The erroneous restitution order affects Acord's substantial rights because it makes him jointly and severally liable for more than $8 million dollars in losses by the victims absent statutory authorization for that penalty. *See Ellis*, 564 F.3d at 377. Furthermore, the imposition of a restitution order imposed without consideration of whether it complies with statutory requirements undermines the fairness, integrity, and public reputation of judicial proceedings. *See United States v. Winchel*, 896 F.3d 387, 389-90 (5th Cir. 2018); *Ellis*, 564 F.3d at 377.

Accordingly, we vacate the district court's restitution order and remand for proceedings consistent with this opinion. Because we vacate the restitution order, we do not reach Acord's claims regarding the amount and nature of the restitution award. The judgment is affirmed in all other respects.

AFFIRMED IN PART; DISMISSED IN PART; VACATED IN PART AND REMANDED FOR FURTHER PROCEEDINGS.