# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

————

No. 19-50607
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
June 8, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AIMEE LEE TEAL, also known as Aimee Lyn Teal, also known as Aimee Lynn Teal,

Defendant-Appellant

———————————————————————————

Consolidated with 19-50608

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

AIMEE LEE TEAL,

Defendant - Appellant

————

Appeals from the United States District Court
for the Western District of Texas
USDC No. 4:19-CR-13-1
USDC No. 4:15-CR-359-7

————

No. 19-50607
c/w No. 19-50608

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Pursuant to a written plea agreement, Aimee Lee Teal pleaded guilty to aiding and abetting possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 851. For this 2019 conviction, the district court imposed a within-guidelines term of 121 months of imprisonment and ten years of supervised release. At the time Teal committed this offense, she had been serving a five-year term of supervised release imposed after her 2016 conviction for conspiracy to possess with intent to distribute methamphetamine. After Teal pleaded true to the allegations that she had violated several supervised release conditions, the district court revoked her term of supervised release and sentenced her to 30 months of imprisonment to run consecutively to the imprisonment term imposed for her 2019 conviction. We consolidated Teal's appeals from both of those sentences.

In an attempt to avoid enforcement of the appeal-waiver provision for her 2019 conviction, Teal argues that her guilty plea was not knowing and voluntary because she was misinformed about the applicable statutory minimum term of imprisonment. Our de novo review of the record shows that Teal was advised of the correct statutory minimum when she entered her plea agreement and pleaded guilty. *See United States v. Winchel*, 896 F.3d 387, 388 (5th Cir. 2018). The conflicting references to the statutory minimum in the presentence report were corrected promptly at Teal's sentencing. Thus, because Teal's guilty plea was valid and her appeal waiver was knowing and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50607
c/w No. 19-50608

voluntary, we will enforce her appeal waiver, which encompasses her proposed challenge to the substantive reasonableness of her sentence. *See United States v. McKinney*, 406 F.3d 744, 746 (5th Cir. 2005). Her appeal is therefore DISMISSED in part as to her 2019 conviction.

Teal contends that her revocation sentence was unreasonable because it was imposed to run consecutively to the imprisonment term for her 2019 conviction and because the 30-month term was excessive under the circumstances. Although she preserved the consecutive aspect of her challenge, she did not object to, or argue against, the 30-month imprisonment term. *See Holguin-Hernandez v. United States*, 140 S. Ct. 762, 767 (2020). We need not determine if her challenge to the 30-month term was preserved because it would fail regardless. *See United States v. Holguin-Hernandez*, 955 F.3d 519, 520 n.1 (5th Cir. 2020).

We review whether a revocation sentence is substantively reasonable using an abuse of discretion standard. *See Holguin-Hernandez*, 955 F.3d at 520. Contrary to Teal's assertion, the record does not show that the district court felt obligated by the Guidelines to impose a consecutive revocation sentence. Instead, the district court properly used its discretion to impose a consecutive revocation sentence as authorized by statute and preferred under the Guidelines. *See* 18 U.S.C. § 3584; U.S.S.G., Ch. 7, Pt. A, ¶ 3(b); U.S.S.G. § 7B1.3(f), p.s., & comment. (n.4); *United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009). Moreover, Teal has not shown that the 30-month term of imprisonment was substantively unreasonable. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). Accordingly, her appeal is AFFIRMED in part as to her revocation sentence.

DISMISSED IN PART; AFFIRMED IN PART.