# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 22-60354
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
May 4, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Marvin Temple Brown,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:21-CR-50-4

———————————————————————

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Marvin Temple Brown appeals the 240-month sentence he received after he pleaded guilty to conspiring to possess with intent to distribute a mixture or substance containing a detectable amount of heroin and a mixture or substance containing a detectable amount of methamphetamine. Brown challenges the district court's sentence enhancements for possession of

———————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-60354

firearms during the offense and for his role as a manager or supervisor, the drug quantity calculation, and the denial of a reduction for acceptance of responsibility.    The Government moves to dismiss the appeal or, alternatively, for summary affirmance based on the appeal waiver in Brown's plea agreement.

We review whether an appeal waiver bars an appeal de novo. *United States v. Winchel,* 896 F.3d 387, 388 (5th Cir. 2018).    The record demonstrates that Brown's appeal waiver was knowing and voluntary. *See United States v. McKinney*, 406 F.3d 744, 746 n.2 (5th Cir. 2005).  Under the plain language of the waiver, his arguments challenging his sentence have been waived. *See United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005); *see also United States v. Alvarado-Casas*, 715 F.3d 945, 955-56 (5th Cir. 2013).

Accordingly, the Government's motion to dismiss the appeal is GRANTED, and its alternative motion for summary affirmance is DENIED.