# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 8, 2023

Lyle W. Cayce
Clerk

————————

No. 22-10208

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Zack Monroe Turman,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:20-CR-67-1

_____

Before Wiener, Graves, and Douglas, *Circuit Judges*.

Per Curiam:[*]

　　Zack Monroe Turman pleaded guilty, pursuant to a written plea agreement, to distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2) & (b)(1). In his plea agreement, Turman waived his right to challenge his conviction and sentence on direct appeal or in any collateral proceedings, but he reserved the right to, among other things, challenge on appeal a sentence exceeding the statutory maximum punishment. Turman

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

was sentenced to 240 months in prison and 15 years of supervised release, and was ordered to pay $38,000 in restitution. On appeal, he challenges the district court's restitution order as exceeding the statutory maximum. On the merits, Turman argues that the district court plainly erred by ordering restitution without first determining his relative role in causing the victims' claimed losses. The Government asserts that Turman's challenge to the restitution order is barred by his appeal waiver, and that the record precludes a finding of plain error. We agree with the Government that Turman's challenge is barred by his appeal waiver, and, even if it were not, that there was no plain error.

## I.

By statute, restitution is mandatory in child pornography cases. *See* 18 U.S.C. § 2259. In *Paroline v. United States*, the Supreme Court held that restitution is proper under § 2259 "only to the extent the defendant's offense proximately caused a victim's losses." 572 U.S. 434, 448 (2014). *Paroline* was then codified at § 2259(b)(2), which provides, in part, that the district court "shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000." 18 U.S.C. § 2259(b)(2)(B).

Generally, a challenge to an unauthorized restitution amount is not barred by an appeal waiver because such an award exceeds the statutory maximum sentence. *See United States v. Winchel*, 896 F.3d 387, 389 (5th Cir. 2018); *United States v. Leal*, 933 F.3d 426, 431 (5th Cir. 2019). In *United States v. Alfred*, however, we held that an appeal waiver barred a "*Paroline*-based" challenge to a restitution order because the district court had performed the *Paroline* analysis and the appeal simply challenged the outcome of that analysis. 60 F.4th 979, 982 (5th Cir. 2023). "Because it [was] clear that the district court considered the *Paroline* factors at

sentencing and ordered restitution as authorized by § 2259, the statutory-maximum exception [did] not apply." *Id.* In *Winchel* and *Leal*, by contrast, "we declined to enforce the appeal waivers because the district courts failed to conduct the requisite analysis altogether." *Id.*

In this case, the presentence report (PSR) identified six victims of Turman's offense, each of whom requested restitution, and the PSR recommended that the district court award the requested amounts, for a total restitution amount of $38,000. Turman did not object to the PSR or to the district court's restitution order. After this case was appealed the district court granted the Government's unopposed motion to supplement the record under Federal Rule of Appellate Procedure 10(e) "to include evidence related to the requests for restitution filed by the defendant's victims." The district court further stated unequivocally that it had relied on that supplemental information and considered the *Paroline* factors when ordering restitution. Given the unopposed supplemental evidence and the district court's order, Turman's waiver bars the instant appeal because the district court considered the *Paroline* factors, and the appeal simply challenges the factual outcome of that analysis. *See Alfred*, 60 F.4th at 982.

## II.

Alternatively, were his challenge not barred, Turman's claim would also fail on the merits. *See United States v. Story*, 439 F.3d 226, 230–31 (5th Cir. 2006) (explaining that appeal waivers are not jurisdictional); *United States v. Smith*, 528 F.3d 423, 424 (5th Cir. 2008) (pretermitting consideration of an appeal waiver and resolving a restitution case on the merits). Because Turman did not object to the restitution order in the district court, we review for plain error. *United States v. Dominguez-Alvarado*, 695 F.3d 324, 327 (5th Cir. 2012). To satisfy plain-error review, a "defendant must show a clear or obvious error that affects his substantial rights" and

even then, "our court has discretion to correct that error, and generally will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Mudekunye*, 646 F.3d 281, 287 (5th Cir. 2011).

In his opening brief, Turman argued that the district court plainly erred by failing to conduct a *Paroline* analysis. After Turman filed his opening brief, however, the district court granted the Government's unopposed motion to supplement the record, and the district court stated that it had relied on the supplemental material and considered the *Paroline* factors in ordering restitution. Therefore, in his reply brief, Turman needed to show that the district court made a clear or obvious error in awarding $38,000 in restitution based on the supplemented record.

Contending that the district court did not fully explain its analysis of the *Paroline* factors on the record at sentencing—when Turman did not object to the restitution amount—does not satisfy the requirement of plain error. *See United States v. Rosenblatt*, 788 F. App'x 960, 961 (5th Cir. 2019). The *Paroline* factors are intended to serve as "guideposts" for district courts to consider when determining a proper restitution amount that reflects the "relative causal significance of the defendant's conduct in producing [the victim's] losses," not "rigid" requirements to be mechanically applied. 572 U.S. at 460. The factors include:

> [1] the number of past criminal defendants found to have contributed to the victim's general losses; [2] reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's general losses; [3] any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); [4] whether the defendant reproduced or distributed images of the victim; [5] whether the defendant had any connection to

the initial production of the images; [6] how many images of the victim the defendant possessed; and [7] other facts relevant to the defendant's relative causal role.

*Id.* at 459–60. These factors cannot be converted into a "formula"; rather, guided by the factors, district courts must ultimately use their discretion to determine a proper restitution amount. *Id.* at 460; *see Alfred*, 60 F.4th at 982 (explaining that a district court's *Paroline* analysis involves the exercise of "discretion and sound judgment" to fashion an appropriate restitution order).

Of the six victims who requested restitution, all except one addressed the *Paroline* factors in the supporting documents they submitted to the district court. While the sixth victim did not discuss the *Paroline* factors, the information in her restitution claim was sufficient for the district court to undertake a *Paroline* analysis. In his reply brief, Turman asserts that the evidence was insufficient to sustain the restitution awards and argues for a lower restitution amount, but he fails to show that awarding the requested amounts instead of the statutory minimum amount of $3,000 per victim constituted plain error.

In sum, given that the district court received sufficient evidence of the victims' losses and applied the *Paroline* factors to calculate an appropriate restitution order, Turman cannot show a clear or obvious error that affects his substantial rights.

AFFIRMED.