# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2024

Lyle W. Cayce
Clerk

No. 23-20174

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Colt Jacoby Barnett,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-181-1

_____

Before Jolly, Southwick, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Colt Barnett pleaded guilty to distribution of child pornography, receipt of child pornography, possession of child pornography, and destruction of property. At sentencing, the district court ordered him to pay $21,000 in restitution to various victims. On appeal, he challenges his conviction and sentence. In making its determination as to restitution, the district court ordered Barnett to pay restitution to victims who are not

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

mentioned in the record and failed to conduct the required proximate-cause analysis for these victims. The failure to conduct such analysis was erroneous. But we find no error with his conviction, term of imprisonment, and restitution order to the victim Barnett injured, so we AFFIRM in part and VACATE the restitution order as to the victims not injured by Barnett.

I.

In January 2019, the FBI began an investigation into a specific internet network that allowed the sharing of child pornography. During the investigation, the FBI received and downloaded more than ten videos of child pornography from a specific IP address that belonged to Barnett. The FBI then obtained a search warrant for Barnett's house. When the agents entered the house to execute the warrant, they found Barnett attempting to destroy his laptop computer. The agents seized the laptop and arrested Barnett. The FBI conducted a forensic analysis of Barnett's laptop and found more than fifty videos containing child pornography.

Barnett was indicted by a federal grand jury on four charges: (1) distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B) and § 2252A(b)(1); (2) receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B) and § 2252A(b)(1); (3) possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and § 2252A(b)(2); and (4) destruction of property, in violation of 18 U.S.C. § 2232(a). The Government did not offer Barnett a plea agreement. Instead, Barnett entered a guilty plea to all four counts of his indictment at a re-arraignment hearing.

Following his plea, the district court ordered a presentence investigation and report ("PSR"). The PSR calculated a base offense level of 22 under U.S.S.G. § 2G2.2(a)(2). The base offense was then increased by several levels, including a two-level increase under U.S.S.G. § 2G2.2(b)(6) because Barnett used his personal computer to store videos and images of

child pornography and used the internet to receive or access the material.[1] In total, the PSR recommended an imprisonment range of 210–262 months.

Additionally, the PSR noted that Barnett is required to pay restitution under 18 U.S.C. § 2259 because Barnett's offense is a child pornography trafficking offense. The PSR noted that "April" was the only identifiable victim in the materials Barnett possessed and distributed.[2] April submitted a victim impact statement telling the district court that she suffers from chronic post-traumatic stress disorder and will require lifelong therapeutic support. Her treatment costs are estimated to total over $225,000. Based on these estimates, she requested the district court grant restitution in an amount between $3,000 and $20,000. [3]

At the sentencing hearing, the district court sentenced Barnett to 210 months in prison and ten years of supervised release. The district court also ordered Barnett to pay the following amounts in restitution:[4] $5,000 for the "eight kids, four" series; $5,000 to April; $3,000 for the "Jenny" series; $3,000 for the "SpongeBob" series; and $5,000 for the "Sweet One Sugar"

_____

[1] The PSR increased the base offense by some additional levels, but we omit discussion of these levels because Barnett does not challenge them on appeal.

[2] April is the identifiable victim in the "Aprilblonde" series of child sex abuse material, which is the material Barnett possessed.

[3] Although her treatment costs were estimated to be over $225,000, April only requested restitution in an amount between $3,000 and $20,000 in this case. This request was based on several factors, including the number of images Barnett possessed and the number of past criminal defendants found to have contributed to April's losses. April's images are traded throughout the world and are continuously disseminated on the internet. Based on these factors, April only requested between $3,000 and $20,000 in restitution for the harm Barnett caused her. She does not challenge the district court's award of $5,000.

[4] At sentencing, the parties requested that the district court grant them ninety days to confer and stipulate to an agreed amount of restitution. The district court denied this request and instead imposed restitution at the sentencing hearing.

series. Barnett objected to the order of restitution on two grounds. First, he objected to the payment of restitution for any alleged victims that were not substantiated in the PSR. Second, Barnett objected to the payment of restitution if the victim has been made whole. The district court overruled Barnett's objection and noted that restitution is mandated by statute.

After the sentencing hearing, the district court signed and filed the written judgment. The written judgment only contains a restitution for April, in the amount of $5,000. Barnett has timely appealed.

## II.

On appeal, Barnett challenges both his conviction and his sentence. He raises four arguments: (1) the factual basis was insufficient to support his conviction; (2) 18 U.S.C. § 2252A, the statute under which he was convicted, violates due process and separation-of-powers principles; (3) the district court erroneously applied U.S.S.G. § 2G2.2(b)(6) for his use of a computer to access the pornographic material; and (4) the district court's award of restitution was arbitrary and unrelated to the victim's needs. Barnett concedes that his first three arguments are foreclosed by our circuit precedent. Thus, we only address his fourth argument.

Barnett preserved his objection to the district court's restitution order by objecting at sentencing. *See United States v. Sepulveda*, 64 F.4th 700, 712 (5th Cir. 2023). Accordingly, we review the legality of a restitution order *de novo* and the amount of restitution for abuse of discretion.[5] *United States v. Villalobos*, 879 F.3d 169, 171 (5th Cir. 2018).

---

[5] The parties dispute whether we should review the district court's order of restitution *de novo* or for plain error. If Barnett had not objected to restitution at sentencing, we would review for plain error. *See Sepulveda*, 64 F.4th at 712. But Barnett's objections at sentencing were sufficient to preserve the issue. Further, even if we were to review under plain error, a portion of the restitution order would still be vacated because

## III.

Barnett challenges the legality of the district court's restitution order. A district court is statutorily required to impose restitution when a defendant is convicted under § 2252A. 18 U.S.C. § 2259. But the district court must order a restitution amount that "reflects the defendant's relative role in the causal process that underlies the victim's losses." *Id.* at § 2259(b)(2)(B). In other words, restitution is proper under § 2259 "only to the extent the defendant's offense proximately caused a victim's losses." *Paroline v. United States*, 572 U.S. 434, 448 (2014). An order of restitution that does not contain a proximate cause analysis is an illegal sentence. *United States v. Chem. & Metal Indus., Inc.*, 677 F.3d 750, 752 (5th Cir. 2018); *United States v. West*, 99 F.4th 775, 780 (5th Cir. 2024).

In *Paroline*, the Supreme Court recognized the difficulty in determining the damages proximately caused by a defendant where, as here, the defendant is one of many individuals who has possessed the victim's images. 572 U.S. at 449. But the district court must assess the amount of loss proximately caused by the defendant "as best it can from available evidence." *Id.* at 459. *Paroline* set forth seven non-exclusive factors to assist courts in calculating the loss proximately caused by the defendant: (1) the number of past criminal defendants found to have contributed to the victim's general losses; (2) reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim's

---

"restitution that exceeds the court's statutory authority is an illegal sentence, which always constitutes plain error." *Id.* (citing *United States v. Penn*, 969 F.3d 450, 458 (5th Cir. 2020)). As we will explain below, a portion of the restitution award exceeded the district court's statutory authority. *See United States v. Winchel*, 896 F.3d 387, 389 (5th Cir. 5th Cir. 2018) ("[I]f a court orders a defendant to pay restitution under § 2259 without determining that the defendant's conduct proximately caused the victim's claimed losses, the amount of restitution necessarily exceeds the statutory maximum.").

general losses; (3) any available and reasonably reliable estimate of the broader number of offenders involved (most of whom will, of course, never be caught or convicted); (4) whether the defendant reproduced or distributed images of the victim; (5) whether the defendant had any connection to the initial production of the images; (6) how many images of the victim the defendant possessed; and (7) other facts relevant to the defendant's relative causal role. *Id.* at 460. Our court's precedent clearly establishes that a district court's failure to conduct a proximate-cause analysis under *Paroline* "seriously undermines the fairness, integrity, and public reputation of judicial proceedings." *West*, 99 F.4th at 782 (quoting *Winchel*, 896 F.3d at 389) (internal quotations omitted).

We first address the district court's restitution award to victims not mentioned in the PSR. The district court's restitution award to victims in the "eight kids, four" series, the "Jenny" series, the "SpongeBob" series, and the "Sweet One Sugar" series is erroneous because the record lacks any evidence to support the district court's order of restitution for these victims. *See United States v. Sharma*, 703 F.3d 318, 323 (5th Cir. 2012) (explaining that every dollar in the restitution award must be supported by record evidence). The PSR states that April is the only identifiable victim. Further, April is the only victim that submitted a victim impact statement and requested restitution. The Government argues that the district court's imposition of these restitution awards is harmless because the amounts do not appear in the written judgment. But our precedent makes clear that "where there is any variation between the oral and written pronouncements of sentence, the oral sentence prevails." *United States v. Shaw*, 920 F.2d 1225, 1231 (5th Cir. 1991); *accord United States v. Martinez*, 250 F.3d 941, 942 (5th Cir. 2001) (per curiam). Accordingly, we VACATE the restitution awards to these victims because we find no basis to support the restitution award for these victims based on the record before us.

No. 23-20174

Next, we turn to the district court's restitution award to April. Unlike the awards to the other victims, the record clearly shows that Barnett proximately caused injury to April by possessing and sharing her images. April's statement to the district court recited the *Paroline* factors and detailed the cost of her treatment plan for future medical needs, which are estimated to cost over $225,000. The amount of restitution that the district court awarded is a small fraction of April's estimated future costs to cope with her post-traumatic stress and other injuries. Additionally, there is no indication that April has received duplicative recovery. We have affirmed the restitution award in cases where similar showings have been made. *See, e.g.*, *United States v. Teijeiro*, 79 F.4th 387, 395 (5th Cir. 2023); *United States v. Musgraves*, No. 21-20147, 2022 WL 7283887 (5th Cir. Oct. 12, 2022) (per curiam) (unpublished).[6] These factors, taken together, properly support the assessment of $5,000 in restitution owed to April.

IV.

For the foregoing reasons, we VACATE the restitution award to the victims not mentioned in the PSR. The conviction, sentence, and restitution award for April are otherwise AFFIRMED.[7]

_____

[6] In each of these cited opinions, the respective panels held that the defendant failed to show a reasonable probability of error, relying on the plain error standard of review. In the instant case, however, we are reviewing the district court's award under a *de novo* standard of review. But the different standard applied makes no difference in this case. Because the district court's analysis is proper under a *de novo* standard of review, it would also be proper under the more deferential plain error standard.

[7] In this instance, we find no need to remand to the district court to enter judgment consistent with this opinion. As we noted earlier, the judgment of conviction and sentence that the district court entered into the record only contained a restitution award for April. But as our precedent makes clear, the oral pronouncement of sentence prevails when there is "any variation between the oral and written pronouncements of sentence." *Shaw*, 920

No. 23-20174

## VACATED IN PART AND AFFIRMED.

_____

F.2d at 1231. Thus, we vacate the oral pronouncement of restitution that is inconsistent with the written judgment and, in so doing, affirm the written pronouncement of judgment.