REVISED

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 21, 2025

Lyle W. Cayce
Clerk

No. 22-11001

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Kyle Lamar West,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:22-CR-37-1

———————————————————

Before Elrod, *Chief Judge*, and Willett and Duncan, *Circuit Judges*.
Per Curiam:

The government's petition for panel rehearing is DENIED. The opinion issued April 25, 2024, 99 F.4th 775, is WITHDRAWN, and the following is SUBSTITUTED.

\*    \*    \*

Kyle Lamar West appeals the part of his sentence that ordered him to pay $6,000 in restitution. Because the PSR cites inapplicable statutes and the district court failed to conduct a proximate-cause analysis as required by

precedent, we VACATE the restitution order and REMAND the case for further proceedings consistent with this opinion.

I

A federal grand jury charged West with seven counts of production of child pornography in violation of 18 U.S.C. § 2251(a). West negotiated a plea agreement under which he agreed to plead guilty to two counts of production of child pornography in exchange for the government to dismiss the other five. As part of that deal, West also agreed to waive most of his appellate rights, with one notable exception: "[t]he defendant, however, reserves the rights (a) *to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment* . . . ." Under the section titled "Sentence," the plea agreement states that "the minimum and maximum penalties the Court can impose as to each count include: . . . restitution to victims or to the community." West signed a written stipulation of guilt and formally entered his guilty plea before the magistrate judge, who found that West's plea was knowing, intelligent, voluntary, and supported by an adequate factual basis.

Following West's guilty plea, the probation office prepared a PSR that recommended 720 months of imprisonment and $6,000 in restitution to the victim's mother. The PSR stated that "[t]he provisions of the Mandatory Victim Restitution Act of 1996 apply to this Title 18 offense." The MVRA is codified at 18 U.S.C. § 3663A. The PSR also contained a written victim-impact statement from the mother of the victim, in which the victim's mother explained the serious emotional trauma and financial hardship that she endured, and continues to endure, as a result of West's offense conduct. Despite these hardships, however, the victim's mother did not request restitution from West. The PSR reflected that fact, as well as her intention to seek counseling for her children.

No. 22-11001

The PSR later stated that "the Court shall order restitution for each victim in the full amount of the victim's loss," and that restitution was mandatory because of West's "child pornography trafficking offense":

> Pursuant to 18 U.S.C. § 2259(c)(3), this is a child pornography trafficking offense and thus restitution is mandatory as set forth in 18 U.S.C. § 2259(b)(2). The court shall determine the full amount of the victim's losses and shall order restitution in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000. Restitution is due and owing to the following victim:
>
> "Jane Doe"
>
> ($6,000)

West filed a response to the PSR stating that he saw "no meritorious objections at this time, and hereby adopts it."

At sentencing, the district court adopted the PSR's factual findings and legal conclusions, sentenced West to 720 months of imprisonment (followed by thirty years of supervised release), and ordered him to pay $6,000 in restitution to the victim's mother—$3,000 for each count he pleaded guilty to.

In addition, the written judgment states that: "Pursuant to the Mandatory Victims Restitution Act of 1996, the defendant shall pay restitution in the amount of $6,000.00." *See* 18 U.S.C. § 3663A. West timely appealed.

## II

We have jurisdiction under 18 U.S.C. § 3742(a)(1), which permits criminal defendants to appeal "an otherwise final sentence" if such sentence "was imposed in violation of law."

No. 22-11001

"This court reviews de novo whether an appeal waiver bars an appeal." *United States v. Leal*, 933 F.3d 426, 430 (5th Cir. 2019) (quoting *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014)). West made no objection to the order of restitution at the district court. Thus, we review the district court's restitution order for plain error. *See United States v. Maturin*, 488 F.3d 657, 659–60 (5th Cir. 2007) ("Because [the defendant] failed to object to either the amount of restitution recommended in the pre-sentence investigation report or the district court's restitution order . . . we review [his] claim only for plain error.").

### III

We must first address the appeal waiver. Although West expressly waived his right to appeal his "conviction, sentence, fine and order of restitution," he preserved his right to appeal "a sentence exceeding the statutory maximum punishment." The plea agreement defines "sentence" to include "restitution." West's appeal falls under that "statutory-maximum exception" to his appellate waiver.

The term "statutory maximum" used in an appeal waiver means "the upper limit of punishment that Congress has legislatively specified for violations of a statute." *United States v. Bond*, 414 F.3d 542, 546 (5th Cir. 2005) (citation omitted).[1] Restitution is a form of punishment for which

---

[1] In *Bond*, the defendant argued that the phrase "statutory maximum," as used in his appeal waiver, took the same, broad meaning as it had in *United States v. Booker*, 543 U.S. 220 (2005), and other *Apprendi* cases. *United States v. Bond*, 414 F.3d 542, 545 (5th Cir. 2005). Under that meaning, he argued that his sentence exceeded the "statutory maximum" because the district court applied a sentencing enhancement based on facts not found by a jury or contained in his plea agreement, even though the 24-month sentence did not exceed the 10- and 5-year maximums contained in the relevant criminal statutes. *Id.* at 544–46. We rejected that argument, but we said nothing about restitution, which was not at issue in that case. Instead, we held that "statutory maximum" has a "usual and ordinary meaning, [which is] 'the upper limit of punishment that Congress has legislatively

No. 22-11001

Congress sets statutory limits. *See United States v. Davis*, 146 F.3d 868, *1 (5th Cir. 1998) (explaining that "restitution is limited" by statute); *Paroline v. United States*, 572 U.S. 434, 458 (2014) ("Congress limited restitution . . . ."). As binding precedent has repeatedly held, orders of restitution without a statutorily required proximate-cause analysis exceed Congress's prescribed limits on punishment and thus constitute sentences above the statutory maximum. *United States v. Winchel*, 896 F.3d 387, 389 (5th Cir. 2018) (holding that a restitution order under § 2259 "necessarily exceeds the statutory maximum" absent a proximate-cause analysis); *Leal*, 933 F.3d at 431 (holding that the appeal waiver did not apply because "a district court imposes a sentence expressly foreclosed by statute when it orders restitution under § 2259 for losses not proximately caused by the defendant"); *United States v. Chem. & Metal Indus., Inc.*, 677 F.3d 750, 753 (5th Cir. 2012) (holding in the § 3664 context that the appellate waiver did not apply because a restitution order exceeds the statutory maximum when the "record contains no evidence regarding the amount of pecuniary loss suffered by" the defendant)). "In sum, based on our prior case law it is clear that an otherwise valid appeal waiver is not enforceable to bar a defendant's challenge on appeal that his sentence, including the amount of a restitution order, exceeds the statutory maximum . . . ." *United States v. Kim*, 988 F.3d 803, 811 (5th Cir. 2021).

Under § 2259, an order of restitution without a proximate-cause analysis is punishment exceeding the statutory maximum. *Paroline*, 572 U.S.

—————————————————

specified for violation of a statute.'" *Id.* at 545 (citation omitted). That "usual and ordinary meaning" encompasses statutorily excessive restitution orders. *See United States v. Chem. & Metal Indus., Inc.*, 677 F.3d 750, 752 (5th Cir. 2012) (permitting appeal of statutorily excessive restitution order where defendant "expressly waive[d] the right to appeal its conviction and sentence" except for "the right to appeal any punishment in excess of the statutory maximum.").

No. 22-11001

at 448 (holding that restitution orders under 18 U.S.C. § 2259 are unlawful absent a proximate-cause analysis); *Winchel*, 896 F.3d at 389 (holding that a restitution order under § 2259 "necessarily exceeds the statutory maximum" absent a proximate-cause analysis). In *Paroline*, the Supreme Court held that restitution orders issued under 18 U.S.C. § 2259 (the mandatory restitution provision covering various offenses related to child pornography) were proper "only to the extent the defendant's offense *proximately caused* a victim's losses." 572 U.S. at 448 (emphasis added).

Following *Paroline*, our court held that a defendant's "*Paroline*-based appeal of the district court's restitution order f[ell] within the meaning of a direct appeal of a sentence exceeding the statutory maximum punishment." *Winchel*, 896 F.3d at 389 (internal quotation marks omitted). "[I]f a court orders a defendant to pay restitution under § 2259 without determining that the defendant's conduct proximately caused the victim's claimed losses, the amount of restitution *necessarily exceeds the statutory maximum*." *Id.* (emphasis added); *see also Chem. & Metal Indus., Inc.*, 677 F.3d at 753 (holding that a restitution order exceeded the statutory maximum because the "record contain[ed] no evidence regarding the amount of pecuniary loss suffered by" the defendant); *Leal*, 933 F.3d at 430 (extending *Winchel* to apply even where the defendant did not explicitly reserve the right to bring a statutory maximum challenge).

West points out that the district court failed to conduct a proximate-cause analysis altogether. The record in this case is devoid of any proximate-cause analysis performed by the district court as required by *Paroline*. It contains only a free-floating restitution order of $6,000, untethered to any determination of the loss suffered by the victim in this case.[2] Indeed, the

---

[2] Ostensibly, the $6,000 figure comes from the inapplicable 18 U.S.C. § 2259(b)(2). That subsection imposes a $3,000 statutory minimum for trafficking-in-

record lacks any dollar amount, or even a dollar range, approximating the amount of the victim's losses.

Binding precedent holds that an order of restitution absent a proximate-cause analysis is an illegal sentence in excess of the statutory maximum. *Chem. & Metal Indus., Inc.*, 677 F.3d at 752 ("[A]n order of restitution that exceeds the victim's actual losses or damages is an illegal sentence." (quoting *United States v. Middlebrook*, 553 F.3d 572, 579 (7th Cir. 2009))); *see also Winchel*, 896 F.3d at 389; *Leal*, 933 F.3d at 431 ("But a district court imposes a sentence expressly foreclosed by statute when it orders restitution under § 2259 for losses not proximately caused by the defendant."); *Kim*, 988 F.3d at 811 (holding that an appeal waiver is unenforceable as to a challenge that the defendant's sentence, including any order of restitution, exceeds the statutory maximum).

This case is unlike our court's decisions in *United States v. Meredith* and *United States v. Alfred*. In those cases, the defendant argued that the district court erred in its proximate-cause analysis and that as a result the restitution order exceeded the statutory maximum. *United States v. Meredith*, 52 F.4th 984, 987 n.3 (5th Cir. 2022); *United States v. Alfred*, 60 F.4th 979, 982 (5th Cir. 2023). At bottom, the appellate waiver in those cases applied to the defendant's claims because both of those cases were challenges to the *methodology* used by the district court to conduct its *Paroline* analysis. *Meredith*, 52 F.4th at 987; *Alfred*, 60 F.4th at 982. That is entirely different from *Winchel* and *Leal*, which were cases in which "the district courts failed to conduct the requisite analysis *altogether*." *Alfred*, 60 F.4th at 982 (emphasis added). In other words, an appeal waiver like West's applies if the

---

child-pornography offenses. Because West pleaded guilty to two counts (albeit to *production* of child pornography), $6,000 would be the statutory minimum if West had been convicted of an offense covered by § 2259(b)(2).

No. 22-11001

defendant's argument is that there was a calculation error, but not if the district court failed to conduct the mandatory proximate-cause analysis altogether.

Here, as in *Winchel* and *Leal*, the district court failed to conduct the proximate-cause analysis required by *Paroline*. Thus, under the clear caselaw of both the Supreme Court and our court, West's challenge to his restitution order survives the appellate waiver in his plea agreement under the statutory-maximum exception. This is particularly appropriate where the government and the district court cited inapplicable statutes as justification for the order of restitution.

IV

Because West's challenge to his restitution order survives the appellate waiver in his plea agreement, we next examine whether the failure to conduct a proximate-cause analysis is plain error.

The parties agree that because West did not object to his restitution order before the district court, plain error review applies to his appeal.

> The Supreme Court has identified four requirements for reversing a trial court based upon plain error review: (1) "there must be an error or defect—some sort of [d]eviation from a legal rule—that has not been intentionally relinquished or abandoned"; (2) "the legal error must be clear or obvious, rather than subject to reasonable dispute"; (3) "the error must have affected the appellant's substantial rights"; and (4) "if the above three prongs are satisfied, the court of appeals has the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."

*United States v. Escalante-Reyes*, 689 F.3d 415, 419 (5th Cir. 2012) (en banc) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

8

Here, there are two related errors.  First, the PSR erroneously refers to two inapplicable statutes: 18 U.S.C. § 3663A, and 18 U.S.C. § 2259(b)(2).  For example, the PSR states that West's offense was a "child pornography trafficking offense and thus restitution is mandatory as set forth in [§ 2259(b)(2)]."  The written judgment also grounds the restitution order in the MVRA (§ 3663A).

18 U.S.C. § 3663A is inapplicable, however, because offenses related to child pornography are covered by 18 U.S.C. § 2259, which applies "[n]otwithstanding section 3663 or 3663A."  18 U.S.C. § 2259(a).  Section 2259(b)(2) is inapplicable because that subsection applies only to restitution orders for *trafficking* in child pornography.  Despite what the PSR says, West's conviction under § 2251(a) does not qualify as *trafficking* in child pornography.  *See* 18 U.S.C. § 2259(c)(3) (defining trafficking in child pornography).  West pleaded guilty to two counts of *production* of child pornography under 18 U.S.C. § 2251(a).  The government admits that it was error to cite to these two inapplicable statutes.  Oral Argument at 23:30–24:30.  Therefore, the district court erroneously ordered restitution under inapplicable statutes.

The only statutory authority under which West could receive an order of restitution is 18 U.S.C. § 2259(b)(1), which permits orders of restitution in "the full amount of the victim's losses."  However, even had the district court grounded the order of restitution in § 2259(b)(1), its restitution order would still exceed the statutory maximum permitted by § 2259(b)(1).  This is because of the second error: the record lacks evidence of any analysis approximating the loss caused by West's offense as required by statutory law and binding precedent.  *See* 18 U.S.C. § 2259; *Paroline*, 572 U.S. at 448 (a restitution award under § 2259 is proper "only to the extent the defendant's offense proximately caused a victim's losses").

No. 22-11001

The government attempts to defend these errors by arguing that West has not shown that the district court relied on the PSR when it ordered restitution. This argument is unpersuasive because the district court explicitly adopted the PSR's "factual findings and legal conclusions" during the sentencing hearing. Furthermore, the written judgment relies on an inapplicable statute. Both the citation to inapplicable statutes and the failure to conduct a *Paroline* proximate-cause analysis are clear and obvious errors not subject to reasonable dispute. *See Winchel*, 896 F.3d at 389.

This leaves prongs three and four of the plain error analysis. As for those prongs, we have previously held that a restitution order under § 2259 that is "in an amount greater than the loss caused" necessarily affects the appellant's substantial rights, as well as the fairness, integrity, or public reputation of judicial proceedings. *United States v. Austin*, 479 F.3d 363, 373 (5th Cir. 2007); *Winchel*, 896 F.3d at 389. Here, the record contains no dollar figures or ranges approximating the amount of loss. Nor does it contain any analysis of the amount of loss caused by West's offense. Thus, based on the record developed by the government, no evidence ties West's offense to any of the victim's losses. Therefore, any amount of restitution above zero dollars necessarily exceeds the amount proximately caused.

Further, statutory law makes clear that the government must prove the amount of the victim's loss attributable to the defendant. 18 U.S.C. 2259(c)(2) (defining the victim's losses in terms of "costs incurred" or "reasonably projected to be incurred in the future"). Section 2259(b)(3) provides that "[a]n order of restitution under this section shall be issued and enforced in accordance with section 3664." 18 U.S.C. § 2259(b)(3). Section 3664 in turn states that "[t]he burden of demonstrating the amount of the loss sustained by a victim as a result of the offense shall be on the attorney for the Government." 18 U.S.C. § 3664(e).

10

No. 22-11001

Thus, where no proximate-cause analysis was conducted, there is no basis upon which the district court can order any amount of restitution. *See Winchel*, 896 F.3d at 389–90 (vacating a restitution order on plain error and remanding to the district court because no proximate-cause determination was made); *United States v. Etheridge*, No. 22-40516, 2023 WL 5347294, at *4 (5th Cir. Aug. 21, 2023) (unpublished) (stating that it is the government's burden to "provid[e] the court with enough evidence to estimate the victim's losses with *some reasonable certainty*" (citing *United States v. Reese*, 998 F.2d 1275, 1282–84 (5th Cir. 1993))). An order of restitution affects a defendant's substantial rights when the district court is not authorized to order restitution and the sentence exceeds the statutory maximum. *Austin*, 479 F.3d at 373; *Winchel*, 896 F.3d at 389.

Our court's binding precedent also holds that failure to conduct a proximate-cause analysis "seriously undermine[s]" the fairness, integrity, and public reputation of judicial proceedings. *Winchel*, 896 F.3d at 389; *see Austin*, 479 F.3d at 373 ("When a defendant is ordered to pay restitution in an amount greater than the loss caused, the error affects substantial rights as well as the fairness and integrity of the judicial proceeding."); *Maturin*, 488 F.3d at 663–64 (vacating and remanding under plain error review in the § 3663 context because the district court ordered restitution greater than what was supported by the record); *United States v. Jimenez*, 692 F. App'x 192, 195, 200–03 (5th Cir. 2017) (per curiam) (vacating and remanding a restitution order under § 2259 on plain error review because "the district court erred in imposing restitution based on this record"); *Etheridge*, 2023 WL 5347294, at *4–5 (vacating and remanding in the § 2259 context on plain error review because the government did not submit evidence of costs). This makes good sense. A judicial proceeding can hardly be called fair if it results in an order of restitution based on no evidence and no causal link.

11

No. 22-11001

V

The parties dispute the proper remedy for this plain error. The government, for its part, contends that we should remand so that it can enter evidence of the loss to the victim caused by West's offense. *See Jimenez*, 692 F. App'x at 204 (permitting the government to present additional evidence on remand).

West points out that "[t]he government generally may not present new evidence on remand when reversal is required due to the failure to present evidence originally." *Chem. & Metal Indus.*, 677 F.3d at 753.

Although West properly cites the general rule, our court has noted some exceptions. These include: (1) "where the government's burden was unclear"; (2) "where the trial court prohibited discussion of the issue"; (3) "where the evidence was, for a good reason, unavailable"; and (4) where the victims attempted to assist the government in calculating the restitution amount and the harm resulting from the government's failure to present evidence fell on the victims. *United States v. Villalobos*, 879 F.3d 169, 172 (5th Cir. 2018). Our court has previously allowed district courts to determine in the first instance whether the government can present new evidence justifying the order of restitution. *See id.* It is prudent to allow the district court to do the same here.[3]

\*    \*    \*

Under Supreme Court and our precedent, the district court plainly erred by failing to conduct any proximate-cause analysis connecting West's

---

[3] We note that this may well lead to a restitution order requiring West to pay far more than the $6,000 he was initially ordered to pay. It is not for us to question litigation strategy and counsel assured us that West was well aware of the risks inherent in his argument. Oral Argument at 5:23–6:03.

No. 22-11001

offense conduct to the loss suffered by the victim. We therefore VACATE the district court's restitution order and REMAND the case for further proceedings consistent with this opinion.

No. 22-11001

Don R. Willett, *Circuit Judge*, concurring:

I agree with my co-panelists that *United States v. Winchel* controls this case.[1] And under *Winchel*, the appeal waiver here does not apply to the restitution award. That said, I agree with much of Judge Oldham's powerful dissent from the denial of rehearing en banc. While I reserve judgment as to whether *Winchel*'s scope should be restated, reformed, or renounced, I voted for en banc hoping we could dispel (finally) the thick "cloud of uncertainty" cast over this recurrent part of our criminal docket.[2]

---

[1] 896 F.3d 387 (5th Cir. 2018).

[2] *United States v. West*, No. 22-11001, Order Denying Rehearing En Banc, at 16 (Oldham, J., dissenting from denial of rehearing en banc).

No. 22-11001

STUART KYLE DUNCAN, *Circuit Judge*, concurring in the judgment:

I reluctantly concur in the judgment because our precedent requires holding that the restitution award here constitutes a "sentence exceeding the statutory maximum punishment," which means the appeal waiver does not apply. *See United States v. Leal*, 933 F.3d 426 (5th Cir. 2019); *United States v. Winchel*, 896 F.3d 387 (5th Cir. 2018). That result is perplexing, to put it mildly. As Judge Oldham's dissent from denial of en banc rehearing explains, *Leal* and *Winchel* are in profound tension with our court's decision in *United States v. Bond*, 414 F.3d 542 (5th Cir. 2005). The commonsense result here should have been that the restitution award, no matter how erroneous, is not a "sentence exceeding the statutory maximum punishment." Accordingly, the appeal should have been barred by the waiver.

That is why I voted for rehearing en banc to disentangle our precedents. Regrettably, a majority of my colleagues did not. Hopefully, we will decide to revisit this question in a future case.