IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 97-10462
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LARRY DAVIS,

Defendant-Appellant.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
(3:96-CR-084-P-1)

———————————————————————

June 3, 1998

Before JOHNSON, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Larry Davis appeals a narrow portion of the sentence imposed

for his conviction for "equity skimming" in violation of 12 U.S.C.

§ 1709-2 and 18 U.S.C. § 2.[1]

_____

[*] Pursuant to 5th CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th CIR. R. 47.5.4.

[1]The equity skimming statute mandates criminal penalties for a defendant who, with intent to defraud, willfully engages in a pattern or practice of
    (1)purchasing one-to-four family dwellings, which are either subject to loans in default at the time of purchase or which go into default within one year after the purchase by the defendant, and each loan is secured by a mortgage or deed of trust insured or held by the Secretary of Housing and Urban Development;
    (2)failing to make payments under the mortgages or deeds of

Davis was charged, indicted, and convicted of equity skimming for his actions in handling three specific properties: 122 Camilla, 1601 Quail, and 1829 Lemmonwood. At trial, the Government also offered evidence of his dealings at four additional properties pursuant to Federal Rule of Evidence 404(b). At two of these properties, including the property at 1421 East Park, Davis collected rent from at least one resident.

Davis did not collect rent from the residents at the remaining two properties, 8017 Tulane and 2533 Winter Oaks. Because Davis did not obtain rent from these properties, his treatment of these two properties did not fit the statutory definition of equity skimming. However, the district court allowed evidence of Davis' dealings on the Tulane and Winter Oaks properties after finding that the evidence was admissible to demonstrate Davis' intent to defraud and the absence of accident or mistake.

A jury convicted Davis of equity skimming. The sentence handed down by the district court included, among other components, an order of restitution. The award of restitution was to be distributed among those harmed by his conduct: the purchaser of the

---

trust as the mortgages become due, regardless of whether the defendant was obligated on the loans; and
    (3)applying or authorizing the application of rents for such dwellings for his own use.
See U.S. v. Thorn, 917 F.2d 170, 173-74 (5th Cir. 1990).

home at 1421 East Park, Suzanne Georgakakis[2]; the parties involved with the property at 2533 Winter Oaks, the Patricks and the Scruggses; and the Department of Housing and Urban Development.

### DISCUSSION

As a preliminary matter, we note that restitution ordered as a component of the defendant's sentence is a criminal penalty that is reviewed de novo. United States v. Chaney, 964 F.2d 437, 451-52 (5th Cir. 1992).

Davis' restitution was ordered under the authority conferred by the Victim and Witness Protection Act (VWPA), 18 U.S.C. § 3663. Under the VWPA, restitution is limited to an award based on the specific conduct for which the defendant was convicted, for "Congress intended restitution to be tied to the loss caused by the offense of conviction." United States v. Hayes, 32 F.3d 171, 172 (5th Cir. 1994)(citing Hughey v. United States, 495 U.S. 411 (1990)).

The specific conduct for which Davis was convicted was equity skimming. The offense of equity skimming requires the Government to prove three elements, one of which is that the defendant applied

---

[2]No rent was ever collected from Suzanne Georgakakis; however Davis did collect rent from the previous resident of property she purchased at 1421 East Park. We need not address the propriety of the award of restitution to her because it was not cited to as error on appeal and has not been briefed. Therefore, the issue is deemed abandoned. See Carmon v. Lubrizol Corp., 17 F.3d 791, 794 (5th Cir. 1994).

or authorized the rents from federally insured properties for his own use. <u>U.S. v. Thorn</u>, 917 F.2d 170, 173-74 (5th Cir. 1990).

The Government concedes that the losses suffered by the Patricks and the Scruggses on the property at 2533 Winter Oaks were not losses attributable to equity skimming, for Davis never collected rent payments from the Patricks or the Scruggses. Therefore, the losses suffered by the Patricks and the Scruggses could not have been caused by the conduct for which Davis was convicted. For that reason, the restitution imposed by the district court is not authorized by the VWPA.

Accordingly, Davis' sentence is VACATED and is REMANDED FOR RESENTENCING.