# United States Court of Appeals for the Fifth Circuit

No. 24-10509

United States Court of Appeals
Fifth Circuit

**FILED**

January 13, 2026

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TERRY DEE HENSLEY,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CR-43-1

Before SOUTHWICK, HIGGINSON, and WILSON, *Circuit Judges*.
PER CURIAM:[*]

Terry Dee Hensley pled guilty under 18 U.S.C. § 922(g)(1) to possession of a firearm by a convicted felon. He then moved to dismiss his bill of information and plea, raising facial and as-applied constitutional challenges to Section 922(g)(1). The district court denied the motion.

On appeal, Hensley argues that Section 922(g)(1) violates the Second Amendment as applied to him and that it exceeds Congress's Commerce

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-10509

Clause authority. The Government replies that the appeal waiver included in Hensley's plea agreement bars his appeal. In light of the obvious insufficiency of Hensley's allegations of errors, we exercise our discretion not to enforce the appeal waiver and decide the case on the merits instead. *See United States v. Graves*, 908 F.3d 137, 140 (5th Cir. 2018).

Hensley's Commerce Clause challenge is foreclosed, as he concedes. *See United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023), *cert. denied*, 144 S. Ct. 1081 (2024).

His contention that Section 922(g)(1) violates his rights secured by the Second Amendment requires more analysis. We must determine if prohibiting Hensley from possessing a firearm because of his specific prior felony convictions is "consistent with the Nation's historical tradition of firearm regulation." *New York State Rifle & Pistol Ass'n v. Bruen*, 142 S. Ct. 2111, 2130 (2022).

One relevant conviction occurred in 2006 and was for delivering a controlled substance, namely, between 4 and 400 grams of methamphetamine. After Hensley's guilty plea in the present case, this court held that "disarming drug traffickers accords with the nation's history and tradition of firearm regulation," making Section 922(g)(1) constitutional as applied to defendants with drug-trafficking predicates. *United States v. Kimble*, 142 F.4th 308, 309 (5th Cir. 2025). We later applied *Kimble* to a Section 922(g)(1) defendant who had a predicate conviction of possession with intent to distribute cocaine. *United States v. Mancilla*, 155 F.4th 449, 451–52 (5th Cir. 2025).

Hensley's as-applied challenge fails.

AFFIRMED.

2

No. 24-10509

STEPHEN A. HIGGINSON, *Circuit Judge*, concurring:

I join the majority opinion in full. Appreciative of Judge Wilson's position, I add the following.

Hensley's guilty plea and appeal waiver predated our decision in *United States v. Diaz*, 116 F.4th 458 (5th Cir. 2024), which charted a course unlike any other circuit's § 922(g)(1) authority. *See United States v. Mancilla*, 155 F.4th 449, 452–54 & n.5 (5th Cir. 2025) (Elrod, C.J., concurring). At the time Hensley signed his appeal waiver, he had no way to predict that we would create a felony-by-felony test to determine § 922(g)(1)'s constitutionality as applied to each individual defendant in this Circuit. *Cf. United States v. Melancon*, 972 F.2d 566, 570–80 (5th Cir. 1992) (Parker, J., concurring) (arguing that an appeal waiver cannot be knowing and intelligent if it depends on decisions not yet made). Then, our case law was clear that any felony would suffice to support a § 922(g)(1) conviction. *See United States v. Anderson*, 559 F.3d 348, 352 (5th Cir. 2009); *see also United States v. Jackson*, 110 F.4th 1120, 1125–29 (8th Cir. 2024). Now, however, as the majority opinion explains, this Circuit's precedent forecloses Hensley's as-applied Second Amendment challenge. Because of this unforeseeable shift in our case law, which postdated Hensley's guilty plea, I would not apply his appeal waiver against him.

With respect, I think a recent panel mistakenly applied an appeal waiver in a § 922(g)(3) case that the Government relies on heavily in its briefing before us. *See United States v. Nyandoro*, 146 F.4th 448 (5th Cir. 2025), *petition for writ of certiorari filed* Nov. 20, 2025 (No. 25-6218). In *Nyandoro*, the panel seemed to sanctify appeal waivers and refused to permit a miscarriage of justice exception to allow the defendant to challenge § 922(g)(3)'s constitutionality. *Id.* at 463. The proposition that a guilty plea

3

requires us to keep incarcerated a defendant who did not commit a crime is as unconscionable as it is wrong.

I am hopeful that when the Supreme Court considers our appeal waiver jurisprudence in *United States v. Hunter*, our waiver stringencies will be re-examined. *See United States v. West*, 138 F.4th 357, 360 (5th Cir. 2025) (Higginson, J., concurring in denial of rehearing *en banc*) (arguing that application of appeal waivers "should not cement more *non*-reviewability into our criminal justice system"); *see also United States v. Hunter*, No. 24-1063, 2025 WL 2885281 (U.S. Oct. 10, 2025) (granting certiorari to consider, *inter alia*, permissible exceptions to appeal waivers). Furthermore, the Criminal Rules Committee might consider a minimal revision to Federal Rule of Criminal Procedure 11. Requiring that a defendant be advised of not just "*the terms* of any plea-agreement provision waiving the right to appeal," FED. R. CRIM. P. 11(b)(1)(N) (emphasis added), but "the terms *and consequences*" of such a provision would be corrective of circuits, like ours, which countenance application of unforeseeable, post-plea developments that we might otherwise find to be reversible error.

No. 24-10509

Cory T. Wilson, *Circuit Judge*, concurring in judgment:

I concur in the judgment reached by my colleagues in this case, at least to the extent that I agree Hensley's appeal merits no relief. But I would apply Hensley's appeal waiver, dismiss the appeal, and end the inquiry there.

As part of his plea agreement with the Government, Hensley waived his right to appeal his conviction, reserving only his "rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of [his] plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel." *See, e.g.*, *United States v. Baymon*, 312 F.3d 725, 727 (5th Cir. 2002) ("The right to appeal a conviction and sentence is a statutory right, not a constitutional one, and a defendant may waive it as part of a plea agreement.").

When determining the validity and reach of such a waiver, we consider "(1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005). Hensley's waiver was knowing and voluntary. He informed the magistrate judge at his re-arraignment hearing that he had read and understood the plea agreement and waiver. And that waiver was concise and unambiguous: "Defendant waives Defendant's rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction," aside from the above exceptions. The waiver's language plainly applies to the claims Hensley asserts on appeal, and the exceptions to the waiver just as plainly do not.

Hensley knowingly and voluntarily waived his right to appeal his conviction as part of his plea agreement with the Government. Instead of reaching the merits of his claim, I would simply hold him to his bargain.